Donald Dean **THURMAN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23886.

United States Court of Appeals,
Ninth Circuit.

Feb. 19, 1970.

Rehearing Denied May 5, 1970.

LeRue Grim (argued), San Francisco, Cal., for appellant.

James J. Simonelli (argued), John P. Hyland, U. S. Atty., Sacramento, Cal., for appellee.

Before CHAMBERS and BROWNING, Circuit Judges, and THOMPSON,* District Judge.

THOMPSON, District Judge:

The District Court denied Appellant Thurman's motion to vacate judgment and sentence (28 U.S.C. § 2255).

In June, 1961, Thurman was indicted on two charges, conspiracy (18 U.S.C. § 371) and armed postal robbery with life in jeopardy (18 U.S.C. § 2114). After a jury trial, he was convicted and sentenced to five years on the conspiracy count and twenty-five years (mandatory) on the robbery count. The sentences were ordered to run concurrently. Subsequently, the conviction was reversed and a new trial ordered. Thurman v. United States, 316 F.2d 205 (9th Cir. 1963).

On August 8, 1963, Thurman was in Court with retained counsel. He withdrew his pleas of not guilty and entered pleas of guilty to both counts. On the following day, Thurman was sentenced to five years' imprisonment on the conspiracy count and to twenty-five years' imprisonment on the postal robbery count, to run consecutively, but the Court suspended execution of the twenty-five year sentence and placed him on probation for five years to commence on

* Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

expiration of the five year sentence. The term of probation commenced on January 25, 1966 on Thurman's release from prison. In 1968, Thurman was arrested as a probation violator and after extensive hearings, his probation was revoked on October 15, 1968.

In the meantime, i. e., on June 25, 1968, Thurman filed the Section 2255 motion from the denial of which the instant appeal is taken. With one exception, the contentions on appeal are frivolous. The argument that a more severe sentence was imposed after reversal of the original judgment by the Court of Appeals, because the sentences on the two counts were ordered to run consecutively rather than concurrently, does have a surface allure.

In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), it was decided that upon resentencing after vacation of the initial sentence, "a more severe" sentence cannot constitutionally be imposed unless reasons based on objective information of identifiable conduct by the defendant after the original sentencing are made a part of the record. No such reasons are recited in this record. We must determine whether the second sentence against Thurman was in fact a more severe sentence in violation of due process.

This inquiry cannot be answered by a dicta that consecutive sentences are necessarily more severe than concurrent sentences. The totality of the impact of the sentence on the defendant must be considered.

On March 19, 1962, at the original sentencing after the Court imposed the sentence of five years on Count I and twenty-five years on Count II, to run concurrently, defendant's attorney suggested that execution of the twenty-five year sentence should be suspended. The colloquy between Court and counsel is copied in the margin.[1]

When Thurman was resentenced on August 9, 1963, he had been interviewed by the probation officer on the previous afternoon, who had reported to the Court. The colloquy at resentencing is quoted in the margin.[2]

---

1. "MR. MULL: Yes. Well, I am very happy if that does apply.

"There's one other thing I'd like to call the Court's attention to, or just suggest to the Court, that before this Court some years ago there was a case, United States v. John Breckenridge in which a similar offense was charged, first count, second count, the same as in this charge. In that case after three trials the Defendant was convicted and he was given probation on the second count and on the first count he was given five years.

"THE COURT: I am mindful of that also, Mr. Mull.

"MR. MULL: The Court's mindful of that case also?

"THE COURT: Yes. I am mindful of that, and I have thought of that, but in going over Mr. Thurman's—he's hurt people. He's hurt people. In looking over his record Mr. Thurman has hurt people. That is all there is to it. It's not only that he's committed a crime against the United States in these two instances, in the opinion of the Court the evidence was overwhelming of his guilt of this crime although I tried my best and, well, anyway, let it go at that. There is no question that the evidence was very ample to sustain the verdict reached by the Jury in this matter. But in addition to this I feel in looking over his past record—the whole thing there is almost ten pages—it is a case of his hurting people, and this man, in my opinion, has got—he's come to the point of reckoning. This is the beginning of the time when he has to start paying back to society for what he has done previously, and that's the reason for my sentence. And the two are to run concurrently. I hope by sentencing him under 4208(a) (2) that some good will come from such a sentence.

"That's my sentence. Thank you, Mr. Mull."

2. "THE COURT: Mr. Thurman, is there anything that you desire to say before judgment is pronounced in this case?

"THE DEFENDANT: No, sir.

"THE COURT: Mr. Thurman, I have read this report and your case, obviously, is something out of the ordinary. It is not the usual case that gets before me here. You have already been in prison for what, about 19 months, isn't it?

"THE DEFENDANT: Yes, sir.

Patently, an argument that a twenty-five year term concurrent with a five year term is less severe than a five year term followed by five years' probation under an unexecuted twenty-five year sentence exalts form over substance. Thurman did not consider it so, nor did his attorney, nor did the Court. Everyone thought he was receiving lenient treatment rather than a more severe sentence. There is no basis for a charge of vindictiveness or of apprehension of retaliatory motivation which influenced the Court in *Pearce, supra,* to find a deprivation of due process.

The reason that the suspended twenty-five year sentence was declared to be consecutive is evident. If execution of a sentence is to be suspended and a defendant placed on probation, the maximum permissible term of probation is five years (18 U.S.C. § 3651; Fox v. United States, 354 F.2d 752 (10th Cir. 1965)). To realize its intention that Thurman should be subject to probationary supervision for five years after serving the five year conspiracy sentence, the sentencing Court was required to make the sentences consecutive, else the probation would have been substantially served during the prison term under the conspiracy charge. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932); Green v. United States, 298 F.2d 230 (9th Cir. 1961). In fashioning the new sentence, which, in its impact on defendant was substantially less severe than the original sentence, the District Court acted reasonably and properly and within the requirements of due process of law.[3]

Affirmed.

"THE COURT: Well, you made a suggestion as to what you think I ought to do in this matter here, and I am going to assume that 19 months imprisonment has sort of gotten you straightened around so that you know where you are going and what you are going to do.

"If I go along with your suggestion in this matter are you going to let me down or are you going to get straightened around and behave yourself from here on out?

"THE DEFENDANT: I will straighten around, I guess.

"THE COURT: Well, you ought to know by now that that is no place to be, up there. The best prison in the world is not as good as being out here broke on the street.

"THE DEFENDANT: That is correct.

"THE COURT: Well, I am going to go along with what you have to suggest in this matter here on the basis of, as I say, this is an unusual case. I have a strong feeling in criminal cases you can't say everybody gets ten days in jail or everybody gets fined $50, because that doesn't make any sense at all. If you fined everybody $50 it may mean the last dime in the world that one man has got and the other man $50 doesn't mean a thing to. It is just like taking a cigarette away from him. So I try to handle each ase (sic) on an individual basis.

"In this case it is the judgment of the Court and the sentence of the law that for the offense to which you have pled guilty in Count 1 you be imprisoned in a federal penitentiary for a term of five years. As to the offense set forth in Count 2 of the indictment you be imprisoned in a federal penitentiary for a term of 25 years. These terms are to be consecutive, but the execution of this sentence on Count 2 is suspended and you will be placed on probation at the expiration of the term on Count 1, so that when you have completed your sentence there you will be on probation.

"Now, is this in line with what you thought you were suggesting to me?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you satisfied now that you have gotten a fair shake as far as I am concerned?

"THE DEFENDANT: I was hoping I might get something on the 19th months, but I realize—

"THE COURT: You told the probation officer, though, that you were willing to forget that.

"THE DEFENDANT: Yes, I am.

"THE COURT: All right. In other words, you are getting just what you asked for, aren't you?

"THE DEFENDANT: Yes."

3. Since there is no reference to the matter, we assume that appellant received credit for the 19 months served under the original sentence as *Pearce* requires. 395 U.S. at 718–719, 89 S.Ct. 2072.