**UNITED STATES of America,**
**Appellee,**

v.

**Angel DOMENECH, Appellant.**

**No. 585, Docket 72-2258.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 15, 1973.

Decided April 12, 1973.

100 grams of heroin (count 1), and for the substantive offense of distributing and possessing the same amount of narcotics (count 2). Domenech was tried alone before a jury,[1] acquitted of conspiracy but convicted of the substantive offense. He was sentenced as a young adult offender (18 U.S.C. § 4209) to treatment and supervision under 18 U.S.C. § 5010(b) until discharged under 18 U.S.C. § 5017(c). On this appeal he does not challenge the sufficiency of the evidence which it is unnecessary to recite in detail. For present purposes, it is enough that there was proof that Domenech delivered in the presence of federal agents a wrapped package which turned out to contain heroin, and there was also evidence of prior separate discussions concerning a narcotics transaction between the agents and (i) Pereira and Domenech, (ii) Pereira and Morales, (iii) Pereira alone, and (iv) Domenech alone. Appellant and his wife presented exculpatory evidence to the effect that he knew nothing about any heroin transaction (he denied having had the conversations to which the agents had testified), he simply delivered the package on request as a favor, and thought it contained marijuana.

The first of the appeal points is that Pereira, appellant's brother-in-law, who was summoned by the defense, should have been compelled by the court to testify even though he made it clear when first called that he would claim his privilege against self-incrimination. The trial judge excused him without requiring any questions to be put. Pereira, whom appellant assumed would be a helpful witness (see note 3, infra), had shortly before pleaded guilty to the conspiracy count but had not yet been sentenced (see note 1, supra); the second (substantive offense) count was still outstanding against him but was fully expected to be dismissed upon sentenc-

Alfred Lawrence Toombs, New York City, for appellant.

John J. Kenney, Asst. U. S. Atty., S.D.N.Y. (Whitney North Seymour, Jr., U. S. Atty., John D. Gordan III, and John W. Nields, Jr., Asst. U. S. Attys., S.D.N.Y., of counsel), for appellee.

Before FRIENDLY, Chief Judge, OAKES, Circuit Judge, and DAVIS,* Judge.

DAVIS, Judge:

Appellant Angel Domenech was indicted, with co-defendants Morales and Pereira, for conspiring to distribute and possess with intent to distribute over

---

* Of the United States Court of Claims, sitting by designation.

1. Pereira previously pleaded guilty to the conspiracy count (see *infra*) and Morales

did not appear for the scheduled trial. He was tried a few days later and pleaded guilty to one count after that trial began.

ing. Appellant's contention is that the witness, having already pleaded guilty and been convicted, could no longer rely with justification on the Fifth Amendment privilege (*cf.* United States v. Gernie, 252 F.2d 664, 670 (2d Cir.), cert. denied, 356 U.S. 968, 78 S.Ct. 1006, 2 L. Ed.2d 1073 (1958); United States v. Romero, 249 F.2d 371, 375 (2d Cir. 1957)), and should have been directed to testify.

We hold, however, that the court below committed no error in excusing Pereira. There is some doubt, in the first place, whether appellant is in a position to complain since his counsel neither asked the judge to direct Pereira to answer questions or to rule that the privilege was improperly asserted. Counsel appeared to acquiesce in Pereira's statement that he would not testify.

■■ In any event, the claim of privilege was well-taken. Count 2 still remained open against Pereira and his testimony, whether or not it helped Domenech, could very well have further incriminated himself on that offense. Though it was very likely that count 2 would be dismissed, that had not yet occurred and Pereira can hardly be faulted for taking the most cautious position. Even on the conspiracy charge to which he had pleaded guilty, evidence compelled at Domenech's trial could well hamper a possible attempt by the witness to withdraw his plea before sentence. *See* State v. Tyson, 43 N.J. 411, 204 A.2d 864, 866–867 (1964), cert. denied, 380 U.S. 987, 85 S.Ct. 1359, 14 L. Ed.2d 279 (1965). Moreover, under the existing precedents it was open to the State of New York to prosecute Pereira on the same heroin transaction (Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959)), and his Fifth Amendment privilege included a right against self-incrimination under the state penal laws. *See* Kastigar v. United States, 406 U.S. 441, 456–457, 92 S. Ct. 1653, 32 L.Ed.2d 212 (1972); United States v. Chandler, 380 F.2d 993, 997 (2d Cir., 1967). In short, if Pereira

had refused a direct order to testify, a contempt judgment against him could not be allowed to stand since in no way would it be perfectly clear that the answers would not possibly incriminate. Hoffman v. United States, 341 U.S. 479, 488, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); United States v. Chandler, *supra.*

■ Appellant urges that the Government deliberately left count 2 open against Pereira in order to insure that he would not testify for appellant. There is no adequate proof of this charge; leaving the remaining counts open until sentence on the counts to which an accused has pled is the common practice—a reasonable procedure which avoids complexities where the defendant moves before sentence to set aside his guilty plea. In this instance the possible consequence of following the normal usage was to give Pereira a good excuse for refusing to take the stand, and thus of avoiding the dilemma, on the one hand, of a possible perjury charge or a feared impact on his sentence if he testified favorably to Domenech, or, on the other, of giving evidence against his close relative. But we see no escape from holding that Pereira had a constitutional right to act as he did, and, in the absence of any proof of deliberate manipulation or pre-arrangement by the United States Attorney, there is no penalty we can or should impose on the Government because the witness's exercise of his right, for his own purposes, may have redounded to the prosecutor's advantage.

■ The second issue is whether the court below erred in giving the "Allen" charge when the jury reported itself in disagreement after some hours of deliberation. This court has consistently and recently upheld normal versions of the "Allen" instruction (*see, e. g.,* United States v. Birrell, 447 F.2d 1168, 1173 (2d Cir., 1971), cert. denied, 404 U.S. 1025, 92 S.Ct. 675, 30 L.Ed. 675 (1972); United States v. Bowles, 428 F.2d 592, 595 (2d Cir.), cert. denied, 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970);

**1232**

United States v. Hynes, 424 F.2d 754 (2d Cir.), cert. denied, 399 U.S. 933, 90 S.Ct. 2270, 26 L.Ed.2d 804 (1970)) and we are of course bound by those rulings. There is no occasion to consider whether en banc reconsideration should now be had of this general area (*see* United States v. Martinez, 446 F.2d 118, 119–120 (2d Cir.) cert. denied, 404 U.S. 944, 92 S.Ct. 297, 30 L.Ed.2d 259 (1971)) since appellant did not, at the trial, challenge the "Allen" charge as such, but only a single one of the trial judge's statements. The disputed sentences were: "This case, if the jury disagrees, will be retried. Another jury will be chosen from the same sources that you were and it will hear probably the same evidence." [2] Appellant attacks this remark on the ground that Pereira could be compelled to testify after his sentencing and that his evidence on a retrial would be materially different from the testimony introduced at the trial just completed.[3] By-passing the point that Pereira might still be able to claim his privilege even after sentencing, particularly because of the possibility of state prosecution, *see supra*, the immediate answer is that a retrial would probably take place before Pereira's sentencing; Morales, who failed to turn up for his joint trial with appellant but did appear later that day, was in fact tried a very few days later (*see* note 1, *supra*) and in all likelihood a retrial of Domenech would have been scheduled for the same time. In these circumstances, the challenged part of this "Allen" charge was not a misrepresentation, and though it is not to be commended for general use it does not appear in this instance to have been unfairly coercive.

■ On the morning on which the judge was to give his charge, one of the jurors was 10 minutes late; over a defense objection, the court replaced this absent juror with an alternate and then discharged the tardy juror when she appeared shortly after the charge was begun. This episode raises the third point on appeal. Given the current conditions of transportation in the City of New York, some other presiding officers might have waited a bit longer, but we certainly cannot say that the judge abused his discretion by insisting on going ahead after 10 minutes.[4] Nor is there any basis for finding an undue impact on the jury either in the mere act of excusing the juror or in the way it was done. We would have to strain much too far to discern any bias or prejudice against the defendant in this episode.

■■ Lastly, appellant complains of statements made by Pereira to the agents in Domenech's absence which were admitted subject to connection. Although there was no specific later ruling by the trial court, appellant failed to move to strike the evidence at the close of the prosecution's case, and took no exception to the charge which told the jury it could consider the testimony. This being so, we find no error. There was in fact ample independent evidence of Domenech's connection with the conspiracy and, as the case comes to us, we must assume that the judge was satisfied of that connection, under the rule of United States v. Geaney, 417 F.2d 1116, 1120 (2d Cir., 1969), cert. denied, 397 U.S. 1028, 90 S.Ct. 1276, 25 L.Ed.2d 539 (1970). The status of the evidence *aliunde* is not vitiated by the fact that it

---

2. This language apparently followed the charge sustained in United States v. Thomas, 282 F.2d 191, 195 (2d Cir., 1960), except that that instruction did not qualify "the same evidence" by "probably".

3. When Pereira was interrogated by the same trial judge on his guilty plea, shortly before Domenech's trial, he made statements which could be understood as tend-

ing to exculpate Domenech. In particular he denied the one overt act in the conspiracy count which referred to a conversation between Pereira and Domenech.

4. Since the case was scheduled to go to the jury that day, the trial court may have wanted to avoid, as much as possible, a night sitting. As it turned out, the verdict was not returned until 9 p. m.

came from the same federal agents who testified to the disputed declarations. There is no such disqualifying rule of law, and, especially in the light of the conviction on count 2, we cannot accede to appellant's broadside contention that the jury's acquittal on the conspiracy charge shows that it must have disbelieved everything the agents said on the stand.

The result is that neither singly nor in combination do the challenged acts of the trial court amount to reversible error.

Affirmed.