**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Billy K. HARGIS, Defendant-Appellant.**

**No. 77–1452.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 9, 1977.

Decided Dec. 16, 1977.

---

Thomas P. Sullivan, U. S. Atty., Candace Fabri, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before TONE and WOOD, Circuit Judges, and WYZANSKI, Senior District Judge.*

PER CURIAM.

Hargis appeals from convictions on Counts 1, 4, 5, 6, 7, 8 and 9 of a 10-count indictment alleging that he defrauded a federally-insured bank in violation of Title 18, Sections 1343 (wire fraud), 1341 (mail fraud), and 1014 (false statements).

Count 1 charged the defendant with a scheme to defraud the First National Bank of Chicago by seeking to obtain a loan of $800,000 upon false representations through the use of the telephone on March 27, 1973. Each of Counts 4, 5, 6 and 7 charged that in executing that scheme Hargis caused a different sum of money to be transferred by wire. Count 8 charged that on April 10, 1973 Hargis mailed a letter in furtherance of the scheme. Count 9 charged that in connection with the scheme, Hargis knowingly made certain false statements to the First National in March and April, 1973.

Defendant's principal contention is that there was not evidence beyond a reasonable doubt to convict him.

While we have read the record, we do not find it necessary to set forth at length the complicated transactions there disclosed. It suffices to say that the admitted facts and reasonable inferences derived therefrom fully support the district judge who, in a trial without a jury, convicted defendant on the seven counts already described. We are wholly persuaded that at the very time defendant Hargis induced the First National Bank of Chicago to lend $800,000 to a company he was forming, Farm Products International, by representing that all the proceeds would be used to

Julius Lucius Echeles, Chicago, Ill., for defendant-appellant.

* Charles E. Wyzanski, Jr., Senior District Judge of the District of Massachusetts, is sitting by designation.

buy triticale and further representing that firm contracts covering the resale of that triticale by Farm Products International would be assigned as collateral to the bank, Hargis intended to use much of the money for other purposes. Indeed, once the loan was made, much of the proceeds was diverted to Dedmon Industries, Hargis Leasing and Finance, American Medtronics, National Photo ID, Gulf Atlantic Life, and Hargis' son—none of whom had any relationship to triticale transactions.

We have no doubt that from the outset Hargis planned a fraudulent scheme and that in the various ways charged in Counts 1, 4, 5, 6, 7, 8, and 9 of the indictment he executed that fraud, sometimes by mail, other times by wire, and other times in still different ways. The massiveness of the fraud is fully buttressed by the massiveness of the evidence. If, as has been wittily said, "the state of a man's mind is as much a fact as the state of his digestion" (*Edgington v. FitzMaurice*, 29 Ch.D. 459, 483 (1882) (Bowen, L. J.)), then this is a nauseating record of duplicity by a borrower and innocence of a bank.

█ Defendant next urges that the convictions should be reversed because the district judge included in his opinion the following paragraph:

We find and conclude that a fraud was committed by the defendant in obtaining the loan, by proof beyond a reasonable doubt of subparagraph (c) of Count One. Subparagraphs (a) and (b) are merely allegations of what transpired to lead up to the fraud, whereas subparagraphs (d) through (i) are after-the-fact evidence of the initial fraud. These supporting allegations were proved by the weight of the evidence.

We agree with the defendant's counsel that it was an error in statement for the district judge to refer to subparagraphs (a) and (b) and (d) through (i) as "supporting allegations". Such allegations were no more "supporting" than would have been descriptions of the physical appearances of the First National Bank of Chicago or of Mr. Goldberg, its officer. They merely gave a setting of a descriptive nature. They were no part of the *corpus delicti.* But the reference to the so-called supporting allegations was a totally harmless error inasmuch as each of the essential elements of the crime was, as we already have stated, proved beyond a reasonable doubt.

Defendant's final point is that the District Court erred in the length and terms of the sentences imposed on him.

█ The record shows that the district court imposed the following sentences:

Five years on counts 1, 4 and 8, concurrently;

Two years on count 9, concurrently with sentence on counts 1, 4 and 8.

Execution of imprisonment portion of sentence on counts 1, 4 and 8, suspended.

Five years probation on counts 5, 6 and 7, concurrently with each other and consecutively to sentence on counts 1, 4 and 8, for a total Probationary period of TEN (10) years.

$1,000.00 fine on each of counts 1, 4, 5, 6 and 8, and $5,000.00 fine on count 9, for a total of $10,000.00, suspended for 1 year.

Defendant complains of the probationary portion of the sentencing order in excess of five years. The point is correctly taken.

We agree with those courts who have read 18 U.S.C. § 3651 as proscribing probationary periods in excess of five years. *Fox v. United States*, 354 F.2d 752, 753 (10th Cir. 1965); *Thurman v. United States*, 423 F.2d 988 (9th Cir. 1970); *United States v. Pisano*, 266 F.Supp. 913 (E.D.Pa.1967).

We therefore, conclude that the convictions of Hargis should stand, but that the sentences should be vacated, and the case should be remanded for the sole purpose of resentencing by the district judge.

SO ORDERED.