**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Mary Rangel RODRIGUEZ, Defendant-Appellant.**

No. 76–4055.

United States Court of Appeals, Fifth Circuit.

Dec. 22, 1977.

Philip S. Greene, Gerald M. Birnberg, Houston, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., Mary L. Sinderson, Asst. U. S. Atty., George A. Kelt, Jr., Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG and MORGAN, Circuit Judges, and WYZANSKI, Senior District Judge.*

WYZANSKI, Senior District Judge:

Mary Rangel Rodriguez appeals from her convictions on both counts of a two-count indictment. In count one she was charged with conspiracy to distribute heroin, in violation of United States Code 21 § 846, and in count two with possession of heroin with intent to distribute, in violation of United States Code 21 § 841(a)(1). The only point which we need to consider is appellant's contention that the trial court erred in replacing an original juror with an alternate juror over the objection of defense counsel without ascertaining the reason for the original juror's absence.

With respect to this contention these are the facts. The trial of Rodriguez began on Thursday, September 16, 1976. At approximately five p. m. on Friday afternoon, September 17, 1976 the judge excused the jury for the weekend and directed it to return to the courtroom at two p. m. Monday afternoon, September 20, 1976. Monday morning, one of the jurors, a Mr. Maxey, called the clerk to say that he had chosen to go to work that day rather than to come to court. The court without making any further inquiry proposed to replace Maxey with an alternate. Defense counsel strenuously objected to this procedure and insisted that the court issue a bench warrant for Maxey or that the court at least allow defense counsel to develop for the record the facts surrounding the juror's absence. Defense counsel was particularly concerned because the absent juror was a black man whom the Latin American defendant thought might be more sympathetic to her than a replacement.

The court overruled the objection. It refused to make any effort whatsoever to reach either by telephone or by bench warrant or otherwise the absent juror. It did not even go through the process of formally discharging the absent juror, but substituted for Maxey an alternate who turned out to be a white, Anglo-Saxon Protestant.

We begin our discussion by noting that Fed.R.Crim.P. Rule 24(c) provides that "alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties."

It is transparent that by being a truant a juror does not automatically "*become . . . unable or disqualified to perform . . . duties.*" It is unlike a dead or hospitalized juror; he is just unwilling, not unable to perform his duties.

Nor in this case can it be held as it was in *United States v. Smith*, 5th Cir., 550 F.2d 277, 285–286 (1977) that the trial judge "*found*" that the original juror who was replaced was "unable or disqualified to perform . . . duties." In *Smith* the trial judge had observed that two of the excused jurors "napped regularly throughout the trial," and had information that the names

---

* Senior District Judge for the District of Massachusetts, sitting by designation.

of two other jurors were circled in red on defense counsel's list, and that of those two jurors one was blatantly smiling and eyeing the defendant's ex-wife. On those grounds the trial judge found that the four jurors were "disqualified." Here no parallel finding was or, so far as the record indicates, could have been made.

We are not unaware that it was held in *United States v. Domenech*, 2nd Cir., 476 F.2d 1229, 1232 (1973) that a trial court had a right, over objection by the defendant, to replace a juror who was 10 minutes late "on the morning on which the judge was to give his charge." The appellate court reasoned that "Since the case was scheduled to go to the jury that day, the trial court may have wanted to, avoid, as much as possible, a night sitting." We are not impressed by that rationale. In our view it disregards the reasonable right of a defendant to insist that, unless a juror is in fact unable to serve or has been found disqualified, defendant has a right to be tried by the original twelve. It is a common and perhaps a sound belief that the particular original twelve represent a careful selection by counsel; and that there are not as good fish in the sea as were ever pulled out of it. Defendant has a "valued right to have his trial completed by a particular tribunal." *United States v. Jorn*, 1971, 400 U.S. 470, 484, 91 S.Ct. 547, 557, 27 L.Ed.2d 543. It is on the ground jurors are not fungible, but are individually approved by counsel that we rest our conclusion that the replacement here was prejudicial. We do not speculate on the difference between a black juror and a white, Anglo-Saxon Protestant replacement. Nor do we find it necessary to address ourselves to the question whether the procedure here followed violated the rights guaranteed to defendant under the jury trial provisions of the Sixth Amendment to the United States Constitution.

*Judgment reversed.*

LEWIS R. MORGAN, Circuit Judge, dissenting:

I respectfully dissent from the position taken by the majority. Insofar as they hold that in most cases a hearing, and perhaps a bench warrant for an absent juror, would be the preferred procedure, I agree. Such a practice would serve two purposes, providing a more complete record for later review and discouraging capricious absences by jurors. Nevertheless, I cannot agree that the error in this case was so harmful as to require reversal of the conviction. I would hold that the exercise of discretion by the trial court, pursuant to the authority given in Fed.R.Crim.Pro. 24(c), ought to be upheld where there has been no showing of prejudice to the defendant. *United States v. Smith*, 550 F.2d 277 (5th Cir. 1977). Since the majority would most likely find that there was no prejudice where an alternate juror replaced a juror who became temporarily ill, I don't think it is sufficient to infer prejudice from the use of an alternate juror for a juror who has decided to go to work. In the case before us, I fail to see how the defendant was harmed by the substitution of the alternate juror for the absent juror. Accordingly, I would affirm the ruling of the lower court.