Norberto P. **GONZALES,** Appellant,

v.

**STATE of Alaska,** Appellee.

**No. 4271.**

Supreme Court of Alaska.

March 14, 1980.

Dick L. Madson, G. Blair McCune, Cowper & Madson, Fairbanks, for appellant.

David Mannheimer, William H. Hawley, Asst. Attys. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

MATTHEWS, Justice.

Norberto Gonzales was charged with six cocaine transactions, occurring in May and June of 1977 and involving an undercover agent. Numerous telephone and in-person conversations between the agent and Gonzales were recorded without a warrant and without Gonzales' knowledge. These recordings were introduced over his objection as evidence against him at his jury trial in April, 1978, which resulted in convictions on all six counts.

On the morning of April 24, a few days into the trial, the jury turned up one juror short. The trial judge, over defense objections, seated the alternate juror in the place of the missing one. The missing juror, Ms. Wilson, showed up at 10:30 a. m., about one and one-half hours late; she explained that she lived in a remote area without a phone or radio transmitter, that she didn't have a ride, and that she had had to hitchhike into town. The trial continued with the alternate juror seated in Wilson's place.

The court fashioned a rather unusual sentence for Gonzales. On the first three counts, he was sentenced to three concurrent terms of ten years, with five suspended on probation. On the last three counts, the sentence was three concurrent terms of five years, with all five suspended on probation. The latter concurrent terms, however, were to run consecutively to the former, thus creating ten years of probation. The court also ordered Gonzales to make restitution to the state of $10,175.00, the amount that the state, through its agents, had spent in purchasing cocaine from Gonzales.

Gonzales has appealed his conviction and sentence on several grounds. He argues, with regard to his conviction, that the trial judge erred in admitting the recordings of the conversations between Gonzales and the agent, and abused his discretion in discharging the absent juror and substituting the alternate. With respect to his sentence, Gonzales attacks both the ten-year period of probation and the restitution order as illegal. We will consider each contention in turn.

### A. Admission of the Recordings.

We held in State v. Glass, 583 P.2d 872, 882 (Alaska 1978), that warrantless nonconsensual recordings such as those at issue here are violative of the constitutional

rights [1] of the person being recorded. But we also held, in deciding the state's petition for rehearing in *Glass*, that the new rule would be applied only to recording activity occurring on or after September 15, 1978, the date that the rule was announced. *State v. Glass*, 596 P.2d 10, 12 (Alaska 1979). Gonzales urges us to reconsider this latter decision, and to adopt the view of the dissenting opinion, which would have applied the new *Glass* rule to all cases on direct appeal as of September 15, 1978. We decline Gonzales' invitation.

### B. *Excusal of the Juror.*

■ Both parties agree that to prevail on his claim of improper dismissal of the absent juror, Gonzales must show a prejudicial abuse of discretion, *i. e.*, that there was no valid reason for the discharge. *See, e. g., United States v. Smith*, 550 F.2d 277 (5th Cir. 1977). Gonzales claims that such an abuse of discretion is indicated by the fact that Judge van Hoomissen *immediately* substituted the alternate juror after learning of Wilson's absence. But the record will not support this claim. It shows that the court went off the record before substituting jurors. There is nothing to establish how long this break was, surely a crucial factor in passing on the judge's exercise of discretion.[2] Hence we must find that Gonzales has not met his burden of showing abuse of discretion.[3]

■ Gonzales is certainly correct in his contention that jurors, selected with great care by extensive voir dire, should not be treated as "fungible," to be discarded at the whim of the judge. But the defense, under Criminal Rule 24(b),[4] is able to exercise great care over the selection of alternate jurors as well. We conclude, therefore, that the trial judge should be allowed reasonable latitude in acting when a regular juror does not show up on time, and should not have to wait hours or undertake extensive inquiries before dismissing the absent juror and substituting the alternate.

### C. *Legality of the Sentence.*

Gonzales attacks the legality of his sentence on two grounds. He first argues that the consecutive periods of probation, totaling ten years, violate AS 12.55.090(c): "The

---

1. Alaska Const. art. I, §§ 14 and 22 respectively provide:

   *Section 14. Searches and Seizures.* The right of the people to be secure in their persons, houses and other property, papers, and effects, against unreasonable searches and seizures, shall not be violated. No warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

   *Section 22. Right of Privacy.* The right of the people to privacy is recognized and shall not be infringed. The legislature shall implement this section.

2. In *United States v. Domenech*, 476 F.2d 1229 (2d Cir.), *cert. denied*, 414 U.S. 840, 94 S.Ct. 95, 38 L.Ed.2d 77 (1973), the court held that a trial judge did not abuse his discretion in waiting only ten minutes for an absent juror before seating the alternate.

3. Gonzales would have us assume that the break before seating the alternate juror was "for an inconsequential period of time," given the record's silence on the length of the break. He advances no arguments in favor of this presumption, however, and we see no logical basis to it.

4. Alaska R.Crim.P. 24(b) states:

   The court may direct that not more than 4 jurors in addition to the regular jury be called and impanelled to sit as alternate jurors. Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take the same oath and shall have the same functions, powers, facilities and privileges as the regular jurors. An alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict. Each side is entitled to 1 peremptory challenge in addition to those otherwise allowed by law if 1 or 2 alternate jurors are to be impanelled, and 2 peremptory challenges if 3 or 4 alternate jurors are to be impanelled. The additional peremptory challenges may be used against an alternate juror only, and the other peremptory challenges allowed by these rules may not be used against an alternate juror.

period of probation, together with any extension, shall not exceed five years." He then contends that the amount of restitution ordered is illegal under the rationale of *Sprague v. State*, 590 P.2d 410 (Alaska 1979), as it is in excess of actual damages.

### 1. Probation.

■ we agree with Gonzales' probation claim. The state argues that AS 12.55.-090(c) only applies to probation imposed on a single conviction, and does not prevent probation in excess of five years imposed in connection with multiple convictions. But *Fox v. United States*, 354 F.2d 752 (10th Cir. 1965) held otherwise. In construing a provision of the federal probation statute, 18 U.S.C. § 3651 (1976), which is virtually identical to AS 12.55.090(c), the *Fox* court concluded that the plain meaning of the statute precluded even combined probation in excess of five years. "Otherwise," the court noted, "on indictments or informations containing many counts a young person might be placed on probation for the remainder of his life. In our opinion such a result was not intended by Congress." 354 F.2d at 754.[5]

We agree with this reasoning, and are similarly unwilling to find such an intent on the part of our legislature.[6] Here, for instance, Gonzales was convicted of six separate counts, and under the state's position could have been placed on probation for thirty years. We believe that AS 12.55.-090(c) was intended to protect a convicted defendant from the uncertainties resulting from such a long period of probation.

### 2. Restitution.

■ Gonzales contends, based on principles of quasi-contract law, that the court erred in ordering him to repay the state for the entire amount its agents spent in purchasing cocaine from him; he believes that he should be required to repay only his profits in those transactions. We cannot agree. The restitution statute, AS 12.55.-100(2), allows the court to order restitution "for actual damages or loss caused by the crime for which conviction was had." In construing a similar statute, the Oregon Supreme Court defined restitution as "the return of a sum of money . . . which a defendant wrongfully obtained in the course of committing the crime." *State v. Stalheim*, 23 Or.App. 371, 552 P.2d 829, 832 (1976). Here it seems clear that Gonzales wrongfully obtained $10,175.00 from the state in the course of his drug transactions, and that this sum represented "actual damages or loss" to the state.[7]

The conviction is affirmed. Gonzales' sentence on the last three counts shall be served concurrently with the period of probation on the first three counts. As modified, the sentence is affirmed.

RABINOWITZ, C. J., dissents in part.

RABINOWITZ, Chief Justice, dissenting in part.

For the reasons stated in my dissent in *State v. Glass*, 596 P.2d 10 (Alaska 1979), I

---

5. *Accord, United States v. Hargis*, 568 F.2d 21, 23 (7th Cir. 1977); *Thurman v. United States*, 423 F.2d 988, 990 (9th Cir. 1970); *United States v. Pisano*, 266 F.Supp. 913 (E.D.Pa.1967). *Cf. United States v. Lancer*, 508 F.2d 719, 734–36 (3rd Cir.), *cert. denied*, 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975), which upheld consecutive periods of probation exceeding five years for conviction based on separate indictments from different districts, and consolidated for sentencing in one district but noted that a maximum of five years must be imposed if only one indictment is involved.

6. We note that the Alaska probation statutes, AS 12.55.080, .090 and .100, use much of the same language as 18 U.S.C. § 3651 (1976), and were apparently derived from the federal law.

See *Jackson v. State*, 541 P.2d 23, 25 (Alaska 1975).

7. There is surface appeal to Gonzales' argument that the state could have arrested him after the first sale, instead of continuing to purchase cocaine from him. But in our opinion the state could choose to continue its dealings with Gonzales, either to strengthen its case against him to show that he was in the drug selling business rather than involved in an isolated transaction to accommodate a purchaser or to try to discover other drug dealers connected with him. The risk that a drug dealer will have to pay restitution for numerous sales to undercover agents is, we believe, inherent in the dealer's chosen profession.

would apply the *Glass* rule to this case. In all other aspects, I agree with the court's opinion.