494 A.2d 757

Anthony Evans HILL

v.

STATE of Maryland.

No. 1519, Sept. Term, 1984.

Court of Special Appeals of Maryland.

July 9, 1985.

Certiorari Denied Oct. 21, 1985.

David R. Durfee, Jr., Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Nicolette H. Prevost, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Sandra A. O'Connor, State's Atty. and Thomas S. Basham, Asst. State's Atty. for Baltimore County, Towson, on brief), for appellee.

Before BISHOP, ADKINS, and ROSALYN B. BELL, JJ.

ROSALYN B. BELL, Judge.

Anthony Evans Hill (appellant) was convicted by a jury in the Circuit Court for Baltimore County of two counts of robbery with a deadly weapon. He was sentenced as a subsequent offender under Md.Code Ann., Art. 27 § 643B to twenty-five years imprisonment without possibility of parole.[1] This Court, in an unreported opinion,[2] vacated appellant's sentence because the "two separate occasions of

---

1. The statute provides in pertinent part:

    "(c) *Third conviction of crime of violence.*—Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11."

    Md.Code Ann., Art. 27 § 643B(c) (1975, 1982 Repl.Vol.). The current version of this section adds the following sentence:

    "A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion."

    Md.Code Ann., Art. 27 § 643B(c) (1975, 1982 Repl.Vol., 1984 Cum. Supp.).

2. *Hill v. State,* No. 1726, per curiam (C.S.A.Md. Sept. 26, 1984).

a crime of violence" did not precede the commission of the offense that resulted in "being convicted a third time."

On remand, the trial judge imposed a sentence of twenty years imprisonment for the first count of armed robbery and ten years imprisonment for the second count, to be served consecutively.

In this appeal, appellant contends that the trial court erred in imposing a more severe sentence following his first appeal than it originally imposed, i.e., thirty years total rather than twenty-five years, respectively. Consequently, appellant asserts that the sentence must be vacated pursuant to Md.Cts. & Jud.Proc.Code Ann., § 12–702(b) (1973, 1984 Repl.Vol.).

The State responds that the thirty-year sentence with possibility of parole actually may be less severe than a twenty-five year sentence without the possibility of parole. In effect, "[t]he totality of the impact of the sentence on the defendant must be considered [,]" rather than the technical length of the sentence. *Thurman v. United States,* 423 F.2d 988, 989 (9th Cir.1970), *cert. denied,* 400 U.S. 911, 91 S.Ct. 148, 27 L.Ed.2d 151 (1970).

Sentencing is a matter left largely to the discretion of the trial judge, and this Court does not ordinarily reevaluate a sentence unless it is "based upon an impermissible consideration, or imposed in violation of a statute." *Logan v. State,* 289 Md. 460, 482, 425 A.2d 632 (1981). The Court of Appeals has recognized the three grounds upon which appellate review is appropriate:

"(1) [T]he sentence may not constitute cruel and unusual punishment or otherwise violate constitutional requirements;

(2) [T]he sentencing judge may not be motivated by ill-will, prejudice or other impermissible considerations; and

(3) [T]he sentence must be within the statutory limitations."

*Teasley v. State,* 298 Md. 364, 370, 470 A.2d 337 (1984). *See also, Logan,* 289 Md. at 480–81, 425 A.2d 632; *Kaylor v. State,* 285 Md. 66, 69, 400 A.2d 419 (1979); *Clark v. State,* 284 Md. 260, 273–74, 396 A.2d 243 (1979). In effect, this is a preliminary test to assess whether this Court should review a sentence. We, therefore, will consider this case in relation to these criteria.

First, no allegations of cruel or unusual punishment are suggested by appellant.

Second, we see no indication of any motivation by ill-will, prejudice or other impermissible considerations. Rather, the judge at the original sentencing stated that he "wanted to be careful" in imposing the sentence and that there was no doubt that Md.Code Ann., Art. 27 § 643B applied. In fact, at the original sentencing hearing the judge stated:

> "I'm allowed to sentence you to forty years, but I'm required by law, in my opinion, to sentence you to twenty-five years without the possibility of parole. . . . "
>
> \*    \*    \*    \*    \*    \*
>
> "[I] want the record to be clear, because it's not clear how this commitment should read, but the sentence of the Court with regard to Count One would have been twenty years, and with regard to Count Six, it would have been ten years consecutive to Count One. But in light of the requirement of Article 27, Section 643B, the sentence is not less than twenty-five years from February 10, 1983. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with provisions of Article 31B, Section 11."
>
> \*    \*    \*    \*    \*    \*
>
> "[W]ere it not for this requirement . . . I would have imposed a sentence of Count One of twenty years and a sentence of Count Six to ten years consecutive. That's what I would have imposed. So, I'm saying that that is imposed, but that it shifts into the maximum of twenty-five years. This is the way the commitment reads. Sentence of Court on Count Six ten years consecutive to

Count One. And in light of Article 27, Section 643B, sentence is not less than twenty-five years. That's the exact way that the commitment will read."

■ Finally, the sentence was within the statutory limitations. The Court acknowledged that, if imposed, the thirty-year sentence would exceed the Maryland sentencing guidelines, but that it was not required to follow the Guidelines. We agree. "Nothing in the law requires that Guidelines sentences or principles be applied; they complement rather than replace the exercise of discretion by the trial judge." *Teasley*, 298 Md. at 370, 470 A.2d 337. Even a mistaken application of the Guidelines does not necessitate that the sentence be vacated and redetermined. *Id.*

Appellant relies primarily upon *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In that case, the Supreme Court held that the Constitution did not absolutely bar the imposition of a more severe sentence upon retrial. *Id.* at 723, 89 S.Ct. at 2079. The Court explained, however, that due process requires the elimination of any vindictiveness or retaliatory motivation by the judge in the subsequent sentencing proceeding. Thus, for a judge to impose a heavier sentence, the basis for it must appear on the record and reflect "objective information [of] identifiable conduct ... of the defendant occurring after ... the original sentencing proceeding." *Id.* at 725–26, 89 S.Ct. at 2080–81; *United States v. Williams*, 651 F.2d 644, 646 (9th Cir.1981).

Although both this Court in *Cherry v. State*, 9 Md.App. 416, 264 A.2d 887 (1970), and the Legislature in Md.Cts. & Jud.Proc.Code Ann. § 12–702(b) (1957, 1984 Repl.Vol.), effectively incorporate *Pearce* into Maryland law, neither authority supports appellant's contention that his thirty-year sentence was an impermissible one.

In *Cherry*, we compared a 30-day jail sentence with a $250 fine. The opinion noted that the test of *Pearce* required satisfaction of certain elements before imposing a heavier sentence:

"(1) the reasons for the increased sentence must affirmatively appear;

(2) the reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the original sentence is imposed; and

(3) the factual data upon which the increased sentence is based must appear as a part of the record."

*Cherry,* 9 Md.App. at 425, 264 A.2d 887; *see also Pearce,* 395 U.S. at 726, 89 S.Ct. at 2081. The language of Md.Cts. & Jud.Proc.Code Ann., § 12–702(b), *supra,* specifies how the court must proceed when *Pearce* applies:

"(b) *Remand for sentence or new trial; limitations on increases in sentences.*—If an appellate court remands a criminal case to a lower court in order that the lower court may pronounce the proper judgment or sentence, or conduct a new trial, and if there is a conviction following this new trial, the lower court may impose any sentence authorized by law to be imposed as punishment for the offense. However, it may not impose a sentence more severe than the sentence previously imposed for the offense unless:

(1) The reasons for the increased sentence affirmatively appear;

(2) The reasons are based upon objective information concerning identifiable conduct on the part of the defendant occurring after the original sentence was imposed; and

(3) The factual data upon which the increased sentence is based appears as a part of the record."

■ This subsection first appeared in the Code in its present form when the Courts and Judicial Proceedings Article was recodified.[3] The holdings in *North Carolina v.*

---

**3.** Chapter 2, Acts 1973, First Extraordinary Session. The precursor to this section appeared in Md.Code Ann., Art. 5 § 43 (1957, 1968 Repl.Vol., 1972 Cum.Supp.) and applied only to cases appealed from the District Court and tried *de novo.*

*Pearce, supra, Cherry v. State,* 9 Md.App. 416, 264 A.2d 887 (1970) and *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) were referred to in the Revisor's Note to Md.Cts. & Jud.Proc.Code Ann., Sec. 12–702 (1974). While not a part of the legislative enactment, this note gives us some helpful insight:

> "As a result of this judicial history, we have a constitutional limitation on increase of sentence if there is an ordinary appeal and either a remand for sentencing or a reconviction after a new trial. And we have a statutory limitation in increase of sentence if there is a conviction after a de novo appeal. What Section 12–702 proposes is the codification of the case law, and the retention of the existing statutory law, thus providing a uniform approach to the problem, and one readily accessible to an understandable by those involved in criminal sentencing."

Revisor's Note at 359.

The note makes it clear that the General Assembly was aware of the case law at the time of the enactment and was providing for its application. Thus, in codifying the case law, the legislature of necessity accepted and adopted its rationale which was that sentencing following an appeal must be scrutinized to avoid the possibility of retaliatory sentencing. It only operates, however, where there is some possibility that the sentence is retaliatory.

At the resentencing proceeding, the court imposed the same sentence which it specifically mentioned as proper at the initial sentencing. This negates any inference of a retaliatory motivation. The record demonstrates a cogent and complete discussion of the sentencing options the court believed were available. By outlining what it would have done had it not been for the requirement of a mandatory sentence, no ill will can be imputed to the ultimate sentence.

Hence, Section 12–702(b) does not apply, and there was no need to justify what was perceived by appellant to be an increased punishment. *U.S. v. Jefferson,* 760 F.2d 821 (7th Cir.1985).

JUDGMENTS AFFIRMED.
COSTS TO BE PAID BY APPELLANT.