548 A.2d 161

**Kenneth D. COLEY**

v.

**STATE of Maryland.**

**No. 113, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Oct. 6, 1988.

John L. Kopolow, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before GILBERT, C.J., and WILNER and ROSALYN B. BELL, JJ.

WILNER, Judge.

After a joint trial with two co-defendants before a Baltimore City jury, appellant was convicted of felony murder. At sentencing on November 26, 1982, Judge Hammerman, who presided over the trial, explained that appellant was entitled to more consideration than his co-defendants because he alone confessed to the crime, thus aiding in the convictions of the others, and because he alone expressed remorse. The judge imposed the maximum sentences the law allows on the two co-defendants. In contrast, instead of giving appellant the maximum sentence of life in prison, Judge Hammerman imposed a "life sentence with fifteen years of it suspended."

Appellant was understandably puzzled by the sentence. His counsel's inquiry to the trial judge as to what exactly the sentence meant was met with the response, "That's up to the Parole Board, not up to me." Appellant and his co-defendants then jointly appealed to this Court, appellant claiming, among other things, that the use of his confession at trial was unlawful and that he was entitled to be resentenced because the sentence was vague and indefinite. We affirmed appellant's conviction but vacated his sentence and remanded for resentencing. *Ball v. State*, 57 Md. App. 338, 470 A.2d 361 (1984), *modified on other grounds* 307 Md. 552, 515 A.2d 1157 (1986). In doing so, we noted that:

> "We agree with the appellant Coley that in this case, some clarification is in order. It may well have been that what the sentencing judge intended was to impose a sentence of life imprisonment, all but 15 years of which would be suspended. A definite term of imprisonment followed by a suspension of the remainder of the sentence

gives clear guidelines to the prison authorities, to the Parole Board, and to the appellant himself. The very indefiniteness of a life expectancy, however, would make it impossible for the parole authorities to calculate backward from an uncertain date."

*Id.* at 369.

The resentencing hearing held on January 18, 1988 did not proceed as we had expected. Upon reminding the trial judge that "[i]t was clearly the Court's intention, at the time of sentencing, that Mr. Coley receive something less than a life sentence, based on various mitigating factors ...," appellant's counsel was told by the judge that:

"[I]f it can be said, and I emphasize the word 'if'—if it can be said, I felt because of what Mr. Coley did in the courtroom, he deserved some degree of consideration on the sentence[, d]id he not in his appeal try to repudiate that which he did in the courtroom? And did he not really say that things shouldn't have gone down the way they did in the courtroom, and that my confession shouldn't have been admitted, and it's improper to consider it? Didn't he really retreat from his responsible acts in the courtroom?"

The trial judge then resentenced appellant to life in prison with no time suspended. Although he commented that he did not hold appellant's appeal against him, the judge pointed out: "Mr. Coley, I do not have all the same feelings today that I did have the day that you were before me for sentencing."

Appellant brings this appeal as a result of this seeming increase in his sentence, arguing:

1. The trial judge illegally increased appellant's sentence by reinstating the suspended portion of his life sentence after remand.

2. Appellant is entitled to be resentenced by another judge because the judge below has demonstrated an inability to disregard impermissible sentencing factors.

We find merit in appellant's first contention but none in the second, and therefore shall remand to the trial judge for another resentencing, this time with a helpful suggestion.

The record of the initial sentencing hearing clearly shows that the trial judge intended to sentence appellant to something less than life in prison. Nevertheless, the judge imposed a full life sentence on remand.

Trial courts in Maryland are directed by statute that: "If an appellate court remands a criminal case to a lower court in order that the lower court may pronounce the proper ... sentence ... the lower court may impose any sentence authorized by law to be imposed as punishment for the offense. However, it may not impose a sentence more severe than the sentence previously imposed for the offense unless:

(1) The reasons for the increased sentence affirmatively appear;

(2) The reasons are based upon objective information concerning identifiable conduct on the part of the defendant occurring after the original sentence was imposed; and

(3) The factual data upon which the increased sentence is based appears as a part of the record."

Cts. & Jud.Proc.Code Ann. § 12–702(b) (1973). This statute in essence codifies *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which held that although a sentence may sometimes be increased upon retrial after a successful appeal, a defendant is denied due process if the increase is designed to punish him for appealing. It further expands the *Pearce* doctrine to prohibit a retaliatory increase in sentence where the conviction is upheld on appeal but the sentence is vacated. *See Nimon v. State*, 71 Md.App. 559, 526 A.2d 645 (1987); *Hill v. State*, 64 Md.App. 194, 201, 494 A.2d 757 *cert. denied* 304 Md. 298, 498 A.2d 1185 (1985).

Applying § 12–702(b) to the case at bar, we find that the resentencing was improper. Although we cannot know

exactly how long a life sentence with 15 years suspended is, it is clear really beyond cavil that, in imposing that sentence, the court intended that Coley's term of actual imprisonment be less than a full life sentence and that Coley be released from confinement at some point prior to the end of his life by virtue of the sentence itself. *See, in general, Hanson v. Hughes,* 52 Md.App. 246, 447 A.2d 892 *aff'd* 294 Md. 599, 451 A.2d 664 (1982). It is evident, then, that the resentencing involved an increase in sentence. While the trial judge could have increased the sentence due to some "identifiable conduct on the part of the defendant occurring after the original sentence was imposed," § 12–702(b)(2), the "identifiable conduct" must have been criminal or other reprehensible behavior. *Cf. Davis v. State,* 312 Md. 172, 539 A.2d 218 (1988); *Jones v. State,* 307 Md. 449, 514 A.2d 1219 (1986); *Briggs v. State,* 289 Md. 23, 421 A.2d 1369 (1980). The record indicates no such conduct on appellant's part, and thus leads us to conclude that the sentence was increased solely because of the partially successful appeal. That is simply not allowed. The Supreme Court has warned that:

> "[T]he very threat inherent in the existence of such a punitive policy would, with respect to those still in prison, serve to 'chill the exercise of basic constitutional rights.' [Citations omitted.]
>
> .  .  .  .  .
>
> [S]ince the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge."

*North Carolina v. Pearce,* 395 U.S. at 724–25, 89 S.Ct. at 2080.

■ We do not miss the irony in the fact that appellant was able to use his confession as a shield for sentencing purposes but as a sword for purposes of his unsuccessful appeal. While we recognize the frustration this tactic may

have caused the trial judge, we find it was simply not grounds to carve an exception to the *Pearce* or Maryland statutory doctrine.

■ We are not persuaded by the State's argument that since the original sentence was vague and indefinite the resentencing cannot be seen as an increase and that the *Pearce* doctrine is therefore inapplicable. As explained, *supra,* though too indefinite to be executed, the original sentence was not so vague that we cannot discern that an increase has been made. Furthermore, although the indefiniteness of the sentence rendered it illegal, Md.Ann.Code art. 27, § 639(a), and "the [trial] court may correct an illegal sentence at anytime," Md.Rule 4–345(a), this Court has held that an attempt to increase an illegal sentence on remand must be analyzed under *Pearce* to determine if the increase is being made for an improper purpose. *Hill v. State,* 64 Md.App. at 199–202, 494 A.2d 757; *see also North Carolina v. Lowry,* 10 N.C.App. 717, 179 S.E.2d 888, 889–90 (1971); *Grobarchik v. Wisconsin,* 307 N.W.2d 170, 177, 102 Wis.2d 461 (1981). Simply to ignore the initial sentence—to treat it as a nullity, something that never happened—might be convenient, but it would fly in the face of *North Carolina v. Pearce* and our own statute.

The problem, of course, is how to comply with the *Pearce*/legislative mandate, given the nature of the initial sentence. Although there may be other ways, we suggest one that the court seriously consider; i.e., (1) at the resentencing hearing, take evidence and make a finding of Coley's life expectancy; (2) deduct 15 years from that life expectancy; and (3) impose a life sentence with all but that net amount (life expectancy less 15 years) suspended. That, at least, will approximate what we think the court initially intended to accomplish.

We see no reason to direct that the resentencing be before a different judge. We presume that Judge Hammerman will act in accordance with the law.

**738**

SENTENCE VACATED; CASE REMANDED TO CIRCUIT COURT FOR BALTIMORE CITY FOR RESENTENCING IN ACCORDANCE WITH THIS OPINION; MAYOR AND CITY COUNCIL OF BALTIMORE TO PAY THE COSTS.