**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Theodore CRISCIONE, Defendant— Appellant.**

**No. 07–50064.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Dec. 26, 2007.

Michael J. Raphael, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Deborah Rodriguez, Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Phillip I. Bronson, Esq., Law Offices of Phillip I. Bronson, Encino, CA, for Defendant–Appellant.

Before: BRIGHT *, PREGERSON, and BEA, Circuit Judges.

## MEMORANDUM **

Theodore Criscione ("Criscione") appeals the district court's order resentencing him after a successful appeal of his original sentence for violating the terms of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

On June 5, 2002, Criscione pleaded guilty to one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 2(a), and two counts of engaging in monetary transactions involving the proceeds of wire fraud in violation of 18 U.S.C. § 1957. On September 30, 2002, Criscione was sentenced to 37 months' imprisonment, three years' supervised release, payment of a $300 special assessment, and payment of restitution in the amount of $912,000. Criscione subsequently violated the terms of his super-vised release by taking an unauthorized trip to Arizona, during which he was arrested for driving under the influence of alcohol. On February 16, 2006, the district court revoked its prior order of supervised release and sentenced Criscione to a term of two years' imprisonment, with no supervision to follow. Criscione successfully appealed this sentence.

On remand, the district court sentenced Criscione to a prison term of slightly less than one year (equal to time served), payment of a $300 special assessment, restitution in the amount of $912,000 "in such payments, amounts and disbursements as shall be determined by the Probation Officer," a two-year period of supervised release, and 800 hours of community service.

Criscione contends the imposition of 800 hours of community service constituted an increase in his sentence. Moreover, Criscione claims, because the sentencing judge's reasons for imposing this "increase" do not affirmatively appear in the record, the greater sentence was presumptively imposed for a vindictive purpose, in violation of Criscione's constitutional rights. *See Alabama v. Smith,* 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

■ Criscione attempts to isolate a single element of his sentence—the 800 hours of community service—to support his claim the second sentence was more severe than the first. The vindictiveness inquiry, however, does not focus on a single element of the sentence; instead, "[t]he totality of the impact of the sentence on the defendant must be considered." *Thurman v. United States,* 423 F.2d 988, 989 (9th Cir.1970). Given the one-year reduction in Criscione's

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the facts are known to the parties, we revisit them only as necessary.

prison term, Criscione's second sentence, viewed in its totality, was not more severe than the first. Thus, there is no presumption of vindictiveness, and Criscione's claim necessarily fails.[2]

■ The district court did not err in imposing restitution without regard to Criscione's financial circumstances. Under the Mandatory Victims Restitution Act ("MVRA"), the district court is required to order restitution to each victim in the full amount of the victim's losses, *without* consideration of the defendant's financial condition. 18 U.S.C. §§ 3663A(a)(1) and 3664(f)(1)(A); *United States v. Matsumaru*, 244 F.3d 1092, 1108 (9th Cir.2001).

The MVRA applies, in relevant part, to "offense[s] against property under this title ... including any offense committed by fraud or deceit[.]" 18 U.S.C. § 3663A(c)(1)(A)(ii). The underlying crimes of which Criscione was convicted qualify for coverage under the MVRA. *See Matsumaru*, 244 F.3d at 1109 (holding defendant convicted of wire fraud under 18 U.S.C. § 1343 was subject to the MVRA, and the district court did not err by refusing to consider defendant's financial condition when ordering that he pay restitution).

■ Criscione failed to object to the district court's order delegating the authority to determine Criscione's restitution payment schedule to his probation officer. Because this claim is being raised for the first time on appeal, this court reviews the claim for plain error. Fed.R.Crim.P. 52(b); *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Plain error is found only where there is (1) error, (2) that is plain, (3) that affects "substantial rights," and (4) that "seriously affect[s] the fairness, integrity,

or public reputation of the judicial proceedings." *Olano*, 507 U.S. at 732, 113 S.Ct. 1770. Criscione's claim the district court erred in delegating the creation of his restitution payment schedule neither affects Criscione's substantial rights nor seriously affects the fairness, integrity, or public reputation of the judicial process. *See generally United States v. Signori*, 844 F.2d 635, 641–42 (9th Cir.1988) (holding—prior to the enactment of the MVRA—that so long as the district court fixed the maximum amount of restitution to be paid, the court could delegate authority to the probation office to determine the timing and manner of payments under 18 U.S.C. § 3651, although that procedure does not apply under the present statute. *See* 18 U.S.C. § 3364(f)(2)). Thus, we reject this claim under plain error review.

**Accordingly, the district court's order is AFFIRMED.**

---

2. Criscione does not contend there is any evidence of actual vindictiveness on the part of the sentencing judge; his claim rests entirely upon the establishment of an unrebutted presumption of vindictiveness.