### SANFORD, Warden, v. KING.

### No. 10611.

Circuit Court of Appeals, Fifth Circuit.

June 4, 1943.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellant.

No appearance was entered for appellee.

Before HUTCHESON and WALLER, Circuit Judges, and COX, District Judge.

WALLER, Circuit Judge.

The District Court for the Northern District of Georgia, under habeas corpus proceedings, ordered the petitioner, appellee here, discharged from the custody of the Warden of the United States Penitentiary at Atlanta, and the latter appeals.

On October 8, 1935, appellee pleaded guilty in the United States District Court for the Western District of Louisiana to a three-count indictment, charging violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408. He was sentenced on the first count to serve five years in the

United States Penitentiary at Leavenworth, Kansas, the execution of which was to begin at the expiration of a sentence appellee was then serving in the State Penitentiary of Louisiana. The record further shows that "on the other counts of this bill of indictment, it was ordered that the imposition of sentence be suspended for a period of five years, conditioned upon his not again violating any other law, State or Federal, during said suspension". Upon the completion of the appellee's sentence in the State Penitentiary he entered upon the service of his Federal sentence on April 28, 1939.

Subsequently, and during the service of his Federal sentence, the appellee was charged with perjury alleged to have been committed on October 3, 1941, in a habeas corpus proceeding sued out by the petitioner while serving the Federal sentence in Atlanta, by reason of which charge of perjury the appellee was returned to the Western District of Louisiana for hearing upon motion for the revocation of probation. In this proceeding appellee pleaded guilty on April 7, 1942, to the violation of his probation, whereupon his probation and suspension of imposition of sentence were ordered revoked and he was sentenced to a term of two years on the second count of the indictment, which said sentence was to begin at the expiration of the sentence that the defendant was then serving in the Atlanta Penitentiary on the first count of the said indictment. It was further ordered that on the remaining third count of the indictment the imposition of sentence was suspended and the defendant placed on probation as of the date of the sentence.

Petitioner contends that he was sentenced first on October 8, 1935, and that imposition of sentence was suspended and he was put on probation on the second and third counts of the indictment for a period of five years, beginning as of the date of the sentence, and that he had completely served the probationary sentence of five years before the commission of the perjury on October 3, 1941, and that having served the maximum sentence permitted under the Act (five years under the first count), and having served said probationary sentence of five years before the commission of the perjury, his probation could not, therefore, be revoked and sentence imposed on the second count of said indictment. He maintains that the probationary period started on the date of the sentence, to-wit, October 8,

1935. The Warden contends that the probationary period should be held to have commenced on the day the petitioner was released from State custody, to-wit, April 28, 1939, for the reason that he could not have been put under Federal supervision during his custody in the State Penitentiary. The Warden further insists that under Section 709a, Title 18 U.S.C.A., the term of the sentence began to run on the date of commitment to the Federal Prison or on the date of commitment to jail awaiting transportation, and that in the absence of an express provision in the sentence to the contrary the date of the sentence of probation began on the date of entering upon service of the Federal sentence, in which event the probationary period would not have expired until April 28, 1944, or a date after the commission of the perjury.

The Warden further contends that the maximum period for which the defendant might originally have been sentenced was fifteen years, or five years under each of the three counts, which could have been made to run consecutively, and that under Section 725, Title 18 U.S.C.A. (Paragraph 2, Section 2 of the Probation Act), it is provided that:

"At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed."

The above section also provides that at any time before the expiration of the probationary period the Probation Officer may arrest the probationer and take him before the Court. It appears that after the expiration of the probationary period and before the expiration of the maximum time for which he could have been sentenced, he can be arrested only upon a warrant issued by order of the Court.

The Court below, in the habeas corpus proceedings here under consideration, held that the probationary period began on the date of the imposition of sentence and expired on October 8, 1940.

■ Conceding, arguendo, that the uncertain language in which the suspension of imposition of sentence on counts two

and three was couched was adequate to effect a five-year period of probation, our first problem is to decide when the period began to run. Statutes or decisions relating to the time from which the service of a penitentiary sentence begins are not particularly helpful to the solution of this question, for the probation period may, and frequently does, precede, follow, or continue beyond any actual sentence. Moreover, since the purpose and sense of the probation statute is to give an offender who has possibilities of moral and social rehabilitation an opportunity, under the strict surveillance of the Court, to prove his determination and ability to cleanse himself of anti-social tendencies and behavior, it is reasonable to assume that one period of a given duration will be as effective a test as another period of the same duration. The controlling consideration is the intention of the Court imposing the sentence, to be found in the language employed to create the probationary status.

■ Here the five-year sentence on count one deliberately was made to begin at the conclusion of the State Court sentence then being served. The next words of the Court, uttered in obvious awareness of the pendency of the two sentences, merely suspend the imposition of sentence on the second and third counts for a period of five years, and made no mention of any postponement in the commencement of the probation period. We think that if the Court had intended to defer the beginning of the period of probation he would have said so, and that his failure so to do evidenced his purpose that the probationary period should begin on the day the sentence was imposed.

It is, therefore, our view that the probationary period began on the date of imposition of sentence and expired on October 8, 1940.

But the Warden contends that under Section 725, Title 18 U.S.C.A. (Paragraph 2, Section 2), the defendant may be arrested upon a warrant issued by the Court and his probation revoked and sentence imposed at any time after the probation period has expired and within the maximum period for which the defendant could have originally been sentenced. Five years was the maximum period for which the defendant could have been sentenced under any one count of the indictment, but there were three counts. The first charged the defendant with transporting and causing to be transported in interstate commerce a stolen Ford coupe which the defendant well knew had been stolen. The second count charged that the defendant received, concealed, stored, bartered, sold, and disposed of said stolen Ford coupe. Count three charged the transportation in interstate commerce, on a different date, of a Chevrolet sedan, with knowledge that the vehicle had been stolen. The defendant, therefore, could have been sentenced for five years on each count to run consecutively, or a total of fifteen years. Within that fifteen-year period, but after the expiration of the probationary period, he was arrested on a warrant issued by the Court, his probation revoked, and a sentence of two years imposed.

However, Section 724, Title 18, provides: "The period of probation, together with any extension thereof, shall not exceed five years."

■ The provisions of Section 725, Title 18 U.S.C.A., must be read in the light of the provisions of Section 724, or else the five-year limitation of probation would be meaningless in situations of this kind. It is our view that even though Section 725 authorizes the Judge to impose sentence after the expiration of the probationary period he could only do so for a violation of the probation occurring during the lawful probationary period. Any other construction of the Act would render ineffective the limitation of the probationary period to five years.

It would seem that any other construction of the two sections would permit the Court to break faith with the probationer. When a defendant is placed on probation he is told, in effect, that if he lives up to the conditions of probation for the required period he will then be a free man.

It is our view, therefore, that on an order of the Court a warrant may issue for the arrest or bringing in of an erstwhile probationer at any time within the maximum period for which he could have been sentenced, provided the violation for which the arrest was ordered was committed during the period of probation.

■ The violation of probation in the instant case occurred after the expiration of the maximum period of five years permitted under the statute and the Court was then without power to revoke the sus-

pension of sentence and to impose sentence on the defendant.

The judgment ordering the petitioner released from custody is, therefore, affirmed.