**Frederick Marion FOX, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 8308.

United States Court of Appeals Tenth Circuit.

Dec. 14, 1965.

Frederick Marion Fox, pro se.

William T. Thurman, U. S. Atty., and Lorin J. Broadbent, Asst. U. S. Atty., for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this proceeding under 28 U.S.C. § 2255 petitioner asserts that he is entitled to release because the term which he is serving was imposed by a sentence entered after the revocation of an illegal probation order. He previously raised the same point in an application for habeas corpus relief and we held that the § 2255 remedy was exclusive. See Fox v. Taylor, 10 Cir., 344 F.2d 753. He then invoked that remedy and the trial court denied relief in a decision which set forth the patient efforts of the judge to rehabilitate the petitioner and the petitioner's repeated failures to comply with probation terms.

The point raised relates entirely to a legal question and required no factual hearing. On December 30, 1953, petitioner pleaded guilty to both counts of a two-count information. Count 1 charged a violation of 18 U.S.C. § 2312 (Dyer Act) and Count 2 charged a violation of 15 U.S.C. § 902 (Federal Firearms Act). The court suspended imposition of sentence and placed petitioner on probation for five years on each count, the periods to run consecutively. On December 5, 1958, petitioner admitted his violation of the probation terms and was sentenced to two years, later changed to one year, on the Dyer Act count and on the Firearms Act count was placed on probation for another term of five years, the term to commence on the termination of imprisonment or the expiration of parole if granted. Petitioner was released from imprisonment on September 27, 1959. On May 29, 1962, his probation was revoked for acts occurring after his release from the penitentiary and he was sentenced to a five-year term on the Firearms Act count. This proceeding attacks the validity of the 1962 sentence which he is now serving.

The original probation order was for two five-year terms to run consecutively. The government says this was proper because 18 U.S.C. § 3651 empowers a court to grant probation on the entry of judgment of conviction of "any offense," with exceptions not pertinent here, and permits the limitation of probation to one or more counts. The Dyer Act and Firearms Act violations were distinct offenses and the court specifically limited each of the five-year terms to a particular count. The difficulty is that the aggregate ten-year term exceeds that permissible under the provision of § 3651 which says:

"The period of probation, together with any extension thereof, shall not exceed five years."

We believe that this means exactly what it says and that when a sentence is suspended on multiple counts and pro-

bation granted, the total probation period may not exceed five years. Otherwise on indictments or informations containing many counts a young person might be placed on probation for the remainder of his life. In our opinion such a result was not intended by Congress.

■■ The provision of the December 30, 1953, order that the two five-year probation terms run consecutively is void.[1] Such invalidity does not destroy the grant of probation. With the offending language stricken from the judgment the two five-year probationary terms are left and they are deemed to run concurrently.[2] A violation of the probation order occurred within five years of the date of that order and probation was properly revoked. The difficulty arose when, after revocation, the court sentenced the petitioner on the Dyer Act count and ordered another five-year probation on the Firearms Act count.

■ The government relies on 18 U.S.C. § 3653 which provides that upon revocation of probation granted after the suspension of imposition of sentence the court "may impose any sentence which might originally have been imposed." The contention is that the quoted language means that after revocation the court may again order probation because probation might originally have been granted. No authority bearing on this point has been called to our attention. The decisions of the Supreme Court which discuss the purpose and legislative history of the Probation Act do not touch our problem.[3]

■■ Probation is "an act of grace to one convicted of a crime."[4] The fixing of penalties for criminal offenses is a legislative function.[5] A probation order, although it does not penalize a defendant by fine or imprisonment, restrains a defendant's conduct. The power to order such restraint comes from the legislative branch; and, as we read § 3653, the power of a federal court after revocation of probation is limited to the imposition of sentence. The statute specifically refers to the imposition of sentence—not to the grant of probation.[6] The district court was without power to order the second five-year probation on the Firearms Act count. The defect is not cured by the admitted jurisdiction of the court over the petitioner and the offenses because the second order was in excess of the court's authority.

■ The invalidity of the second order granting probation on the Firearms Act invalidates the sentence under which petitioner is imprisoned. That sentence was imposed over eight years after the original probation order for violations occurring over six years thereafter. When a violation of probation occurs after the expiration of the maximum five-year term permitted by statute, the court has no power to revoke probation and to impose sentence.[7]

The judgment is reversed and the case is remanded to the district court with directions to forthwith vacate and set aside the judgment and sentence of May 29, 1962, and to discharge the petitioner from custody.

1. See Sanford v. King, 5 Cir., 136 F.2d 106, 108.

2. See Engle v. United States, 6 Cir., 332 F.2d 88, 91, certiorari denied 379 U.S. 903, 85 S.Ct. 192, 13 L.Ed.2d 176.

3. See Affronti v. United States, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62; Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41; Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; and United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309.

4. Yates v. United States, 10 Cir., 308 F.2d 737, 738. See also Thomas v. United States, 10 Cir., 327 F.2d 795, 797, certiorari denied 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051.

5. Adam v. United States, 10 Cir., 266 F.2d 819, 820.

6. We recognize that when a probationary term is for less than five years the court under § 3651 may extend that term to the full five years.

7. Sanford v. King, 5 Cir., 136 F.2d 106, 108.