Buster Dean STREET, Movant,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 2271.

United States District Court
E. D. Tennessee,
Northeastern Division.

Oct. 2, 1968.

No appearance for movant.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for respondent.

## MEMORANDUM OPINION
## AND ORDER

NEESE, District Judge.

Mr. Street filed a *pro se* motion as a prisoner in custody of representatives of the respondent under sentence of this Court, claiming that such sentence was imposed in violation of the Constitution and laws of the United States and seeking a vacation and setting aside of such sentence. 28 U.S.C.A. sec. 2255.

■ The Court judicially notices its records in United States of America v. Buster Dean Street, criminal action no. 6831, D.C., this Division. Therein, the movant was indicted in six counts for various offenses of the Dyer Act. He appeared for arraignment on April 12, 1965, represented by retained counsel, one of whom is a former assistant United States attorney of this District, and filed a petition to be permitted to enter pleas of guilty to all such counts. Mr. Street stated therein that he understood the statements set forth in the indictment, and that he made no claim of innocence and wished to plead guilty to all counts. The Court, having jurisdiction, accepted and entered such pleas.

The Court imposed judgments on such convictions on April 29, 1965, sentencing the movant to three consecutive sentences on counts one, three and five and placing the movant on probation for three years to follow on the remaining counts. The probationary sentence commenced November 1, 1967. The movant admitted on June 5, 1968 that he had violated the terms and conditions of his probationary sentence and was sentenced to a term of three years on count two of the indictment, subject to the provisions of 18 U.S.C. sec. 4208(a)(2), and placed on probation to follow for a period of two years and five months. He is now serving the latter mentioned sentence of imprisonment.

■ Mr. Street claims that said sentence is illegal, in that count two of the indictment did not charge him with an offense under 18 U.S.C. sec. 2313, because the interstate movement of the motor vehicle involved therein had, in fact, ceased prior to the movant's sale thereof. There is no merit to this contention. Count two of the indictment charged that said vehicle " * * * was moving as interstate commerce * * *" at the pertinent time. Mr. Street stated in his petition that he understood that charge. His plea of guilty in open court constituted a waiver of all non-jurisdictional defenses and admitted all facts alleged in the indictment. United States v. Parker, C.A. 6th (1961), 292 F.2d 2, 3 [1]; Crockett v. Haskins, C.A. 6th (1966), 372 F.2d 475, 476 [2].

■ The movant also complains that the Court's causing his said sentence to be subject to the provisions of 18 U.S.C. sec. 4208(a)(2) was illegal, because the sentence was not the maximum for the offense under 18 U.S.C. sec. 2313. Likewise, there is no merit to this contention. This Court was empowered to " * * * fix the maximum sentence of imprisonment *to be served* [emphasis supplied] * * * " and to " * * * specify that the prisoner [might] become eligible for parole at such time as the board of parole [might] determine." 18 U.S.C. sec. 4208(a)(2). Sentence to the maximum term *provided by statute* was not a condition precedent to the benevolent use of 18 U.S.C. sec. 4208(a)(2).

■ In an unsigned and unverified letter, Mr. Street undertakes to amend his motion, so as to complain that the aggregate of his probationary sentences exceed five years, in violation of 18 U.S.C. sec. 3651. It is evident that the movant will never be required to serve more than five years on probation herein. The second probationary period was not an extension, cf. Fox v. United States, C.A. 10th (1965), 354 F.2d 752, 753–754, but an adjustment to accord Mr. Street credit for the period he had served successfully on probation earlier.

■ Finally, Mr. Street complains that the Court entered a judgment upon Mr. Street's plea of guilty to the second count of the indictment against him,

without being satisfied that there was a factual basis for that plea. Rule 11, Federal Rules of Criminal Procedure, as amended, effective July 1, 1966. Even though the amendment to the aforecited rule was not in effect on June 5, 1966, the Court was so satisfied.

The movant Mr. Street is entitled to no hearing on his motion, or to the appointment of counsel to assist him, because the motion and the files and records of his case show conclusively that he is entitled to no relief. 28 U.S.C. sec. 2255. " * * * The language of the statute does not strip the district courts of all discretion to exercise their common sense. * * * " Machibroda v. United States (1962), 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473, 479.

The movant hereby is denied all relief, and judgment will be entered herein dismissing his motion.