**UNITED STATES of America, Appellee,**

v.

**Vincent ALBANO, Defendant-Appellant.**

**No. 462, Docket 82–1254.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 7, 1982.

Decided Jan. 11, 1983.

George L. Santangelo, New York City, Santangelo, Santangelo & Cohen, New York City, for defendant-appellant.

William C. Bryson, Dept. of Justice, Washington, D.C. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for appellee.

Before FEINBERG, Chief Judge, and KAUFMAN and CARDAMONE, Circuit Judges.

FEINBERG, Chief Judge:

Defendant-appellant Vincent Albano appeals from an order of the United States District Court for the Eastern District of New York, Thomas C. Platt, J., denying his motion for correction of an allegedly illegal sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The claimed illegality is that the court imposed a 10-year period of probation, allegedly beyond its power under 18 U.S.C. § 3651. For reasons stated below, we find that defendant's sentence did violate 18 U.S.C. § 3651. We therefore reverse and remand to the district court for correction of the sentence in accordance with this opinion.

In October 1976, defendant pled guilty to three counts of an indictment charging him with income tax evasion, in violation of 26 U.S.C. § 7201, and filing a fraudulent income tax return, in violation of 26 U.S.C. § 7206(1). On one count, appellant received a sentence of three years' imprisonment and a $10,000 fine. On each of the other two counts, the court imposed a suspended three-year sentence, a $5,000 fine, and a five-year probation period. The two five-year probation periods were to run consecutively. Thus, appellant's total sentence was $20,000 in fines, and three years in prison, to be followed by ten years of probation. Appellant was released from prison in December 1979. He remained on parole until March 1980, when he began serving the first of his two five-year terms of probation.

In January 1982, defendant filed a motion to correct his sentence under Rule 35 of the Federal Rules of Criminal Procedure.[1] In that motion, he argued that his sentence was illegal because the ten-year probation period exceeded the five-year limit set by the Probation Act, 18 U.S.C. § 3651. The government informed the district court it would not oppose a reduction of the probation term to five years. The district court nonetheless denied appellant's motion, and appellant has renewed his claim in this court. On appeal, the government has con-

1. Rule 35(a) of the Federal Rules of Criminal Procedure provides in part that "[t]he court may correct an illegal sentence at any time . . . ."

ceded the merit of appellant's argument, and has even filed a persuasive brief in appellant's favor.

■ After reviewing the language of the Act, the relevant case law, and the legislative history, we agree with the parties that the Probation Act prohibits the imposition of a probation term in excess of five years on a single indictment.[2] The statute itself, reproduced in the margin,[3] states explicitly that "[t]he period of probation, together with any extension thereof, shall not exceed five years." 18 U.S.C. § 3651. The issue, however, is whether that proviso limits the total period of probation that may be imposed under an indictment, or whether it limits only the probation period that may be imposed for each count of a multi-count indictment. Apart from the decision of the court below, the courts that have faced this issue have held or assumed, usually with little or no discussion, that the statute limits the total period of probation, even for a multi-count indictment, to five years. See *United States v. Rice,* 645 F.2d 691, 694 (9th Cir.1981), cert. denied, 454 U.S. 862, 102 S.Ct. 318, 70 L.Ed.2d 160 (1982); *United States v. Hargis,* 568 F.2d 21, 23 (7th Cir. 1977); *Fox v. United States,* 354 F.2d 752,

753–54 (10th Cir.1965); *Engle v. United States,* 332 F.2d 88, 90 (6th Cir.), cert. denied, 379 U.S. 903, 85 S.Ct. 192, 13 L.Ed.2d 176 (1964); *Sanford v. King,* 136 F.2d 106, 108 (5th Cir.1943); *United States v. Pisano,* 266 F.Supp. 913 (E.D.Pa.1967). As the court in *Fox* stated with respect to the five-year proviso in § 3651:

> We believe that this means exactly what it says and that when a sentence is suspended on multiple counts and probation granted, the total probation period may not exceed five years. Otherwise on indictments or informations containing many counts a young person might be placed on probation for the remainder of his life. In our opinion such a result was not intended by Congress.

*Fox v. United States,* 354 F.2d at 753–54.

In denying appellant's motion, Judge Platt disagreed with the authorities cited above. In a reasoned opinion, he suggested that juxtaposing the first sentence of § 3651, see note 3 supra, with the language of the fifth paragraph limiting probation to five years reveals that the five-year limit was intended to apply only to the individual counts of an indictment. The combined

**2.** The Third Circuit has held that the five-year probation limit of § 3651 does not apply to consecutive probationary terms that exceed five years if those terms are based on separate indictments originating in different districts. *United States v. Lancer,* 508 F.2d 719, 734–36 (3d Cir.) (in banc), cert. denied, 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975). That issue is not before us in this case.

**3.** The statute reads in relevant part as follows:
§ 3651. Suspension of sentence and probation
Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.
Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try

offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.
Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.
The court may revoke or modify any condition of probation, or may change the period of probation.
The period of probation, together with any extension thereof, shall not exceed five years.

language would read as follows: "Upon entering a judgment of conviction of any offense ... the period of probation ... shall not exceed five years." Emphasizing principally the reference to "any offense", Judge Platt construed the statute to mean that the five-year limit applies only to each offense as embodied in the individual counts of an indictment. In his view, the interpretation reached in *Fox v. United States,* 354 F.2d at 753–54, would be supportable only if the five-year proviso were modified by the word "total", so that it read "The period of probation ... shall not exceed a total of five years." While we think the addition of the word "total" would have made clearer the statutory interpretation suggested by appellant, we do not think its absence requires a contrary result. Indeed, the Supreme Court, in an early decision interpreting the Probation Act, read the five-year proviso as if it contained the word total: "The only limitation, and this applies to both the grant and any modification of it, is that the total period of probation shall not exceed five years." *Burns v. United States,* 287 U.S. 216, 221, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932).[4] In any case, we do not think the first sentence of the statute was intended to modify the five-year limit, which seems to stand by itself as a limitation on the total period of probation permissible under a single indictment.

The legislative history of the Probation Act provides some support for this interpretation. In 1910, Congress enacted a probation law for the District of Columbia, which imposed no limit on probation; a court was free to assign probation "for such a time and upon such terms as it may deem best ...." Pub.L. No. 315, § 2, 36 Stat. 864 (1910). In 1915, a bill was introduced in the Senate that would provide federal courts throughout the country with the option of imposing probation. S. 1092, 64th Cong., 1st Sess. (1915). Unlike the District of Columbia probation statute, however, the Senate bill would have set a limit on probation equal to the defendant's possible sentence:

> *Provided,* That the original probationary period, together with any extensions thereof, shall not exceed the maximum period for which the defendant might have been originally sentenced.

Id. § 2.

This Senate bill was not enacted, but in 1925 Congress passed the Probation Act, Pub.L. No. 596, 43 Stat. 1259 (1925). The Act was similar to the earlier Senate bill, but the limitation on the maximum permissible period of probation was revised to read as follows:

> *Provided,* That the period of probation, together with any extension thereof, shall not exceed five years.

Id. § 1. The substitution of "five years" for "the maximum period for which the defendant might originally have been sentenced" suggests that Congress wished to prevent the imposition of the inordinately long periods of probation possible on multi-count indictments under the 1915 Senate bill.

Similar support for appellant's position may be found in the history of section 2 of the 1925 Probation Act (now 18 U.S.C. § 3653).[5] Section 2 provided that probation

---

**4.** The language of the five-year proviso has not changed materially since it was enacted in 1925.

**5.** Section 3653 provides in relevant part as follows:

> At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant. At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in

which he was last under supervision, may issue a warrant for his arrest for violation of probation occurring during the probation period. Such warrant may be executed in any district by the probation officer or the United States marshal of the district in which the warrant was issued or of any district in which the probationer is found. If the probationer shall be arrested in any district other than that in which he was last supervised, he shall be returned to the district in which the

could be revoked at any time within the probation period, or at "any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced . . . ." The ambiguity of this section led to a conflict among the circuits. The Fifth Circuit held that this section did not override the five-year limit on probation, and concluded that probation could be revoked only for a violation "occurring during the lawful probationary period." *Sanford v. King,* 136 F.2d at 108. The Fourth Circuit, however, interpreted section 2 as follows: "In substance, this provision amounts to an automatic extension of the probation period so as to cover the full period of the maximum sentence." *Hollandsworth v. United States,* 34 F.2d 423, 427 (4th Cir.1929). The Tenth Circuit, citing *Hollandsworth,* concluded that section 2 effectively made probation coterminous with the defendant's maximum possible sentence, despite the five-year probation limit set by section 1 of the Act (now 18 U.S.C. § 3651). See *Williams v. Hunter,* 165 F.2d 924, 926 (10th Cir.1947); see also *United States v. Moore,* 101 F.2d 56, 58 (2d Cir.), cert. denied, 306 U.S. 664, 59 S.Ct. 788, 83 L.Ed. 1060 (1939).

In 1948, Congress sought to change this anomalous result by replacing the phrase "within the maximum period for which the defendant might originally have been sentenced" with the phrase "or within five years after the expiration of the probation period, for violation of probation occurring during the probation period." Ch. 645, 62 Stat. 842 (1948). The reviser's note to this section indicates that the amendment was designed to eliminate the possibility that a defendant's probation could be revoked for conduct that occurred after the termination of the probation period. H.R.Rep. No. 304, 80th Cong., 1st Sess. (1947). According to the reviser's note, the amendment "removes the possibility that a probationer sentenced on a fifteen count mail fraud indictment would be subject for seventy-five years to the liability of revocation of probation." Id.

The amendment and the reviser's note to § 3653 suggest that Congress did not wish to permit a probation period to exceed the five-year limit of § 3651, even on a multi-count indictment. If consecutive five-year terms of probation were permissible under § 3651, then a court *could* impose a 75-year probation period on a defendant sentenced on the reviser's hypothetical fifteen-count mail fraud indictment. Thus, Judge Platt's interpretation of § 3651 would permit what Congress plainly sought to prevent with the amendment to § 3653.

One further legislative revision supports appellant's position. In 1949, Congress made a number of minor changes in Title 18. One such change involved the language governing the issuance of a warrant for a probationer's arrest. As noted above, the 1948 version permitted the issuance of a warrant at any time within the probation period or "within five years after the expiration of the probation period, for violation of probation occurring during the probation period." Ch. 645, 62 Stat. 842 (1948). In 1949, Congress substituted for this language the present version, which permits the issuance of a warrant at any time within the probation period, or "within the maximum probation period permitted by section 3651 of this title." Ch. 139, 63 Stat. 97 (1949). According to the House Report, the 1949 changes were merely "changes in phraseology." H.R.Rep. No. 352, 81st Cong., 1st Sess. 10 (1949), reprinted in 1949 U.S.Code Cong.Serv. 1254, 1263.

If "the maximum probation period permitted by § 3651" is construed to allow consecutive five-year probation periods on each count of a multi-count indictment, then the 1949 amendment would in effect permit courts to issue probation revocation warrants on a multi-count sentence long after the conclusion of a five-year probationary period. This would hardly constitute a simple change in phraseology. On

warrant was issued, unless jurisdiction over him is transferred as above provided to the district in which he is found, and in that case

he shall be detained pending further proceedings in such district.

the other hand, if § 3651 permits only a five-year total probation period for all counts in an indictment, the 1949 amendment does constitute only a relatively minor change. In effect, it simply reduced from a possible ten years to five years the maximum time limit on the issuance of a probation revocation warrant. Our conclusion that the latter interpretation is correct is bolstered by the fact that the courts have uniformly interpreted "the maximum probation period permitted by section 3651" to be only five years. See *United States v. Basso,* 632 F.2d 1007, 1012 n. 5 (2d Cir.1980), cert. denied, 450 U.S. 965, 101 S.Ct. 1480, 67 L.Ed.2d 613 (1981); *Nicholas v. United States,* 527 F.2d 1160 (9th Cir.1976); *United States v. Swanson,* 454 F.2d 1263, 1265 (7th Cir.1972); *United States v. Fontana,* 510 F.Supp. 158, 160 (W.D.Pa.), aff'd, 673 F.2d 1303 (1981); *United States v. Miller,* 454 F.Supp. 440, 422 (N.D.Ill.1978).

■ Judge Platt noted in his opinion that he could have imposed consecutive prison sentences on appellant totaling eleven years, a far harsher sentence than ten years on probation. This is true but not dispositive of the issue, since incarceration and probation may serve different purposes. Moreover, it is frequently thought that the rehabilitative purpose of probation can be accomplished, if at all, within five years. See, e.g., National Commission on Reform of Federal Criminal Laws, Final Report § 3105 comment, at 282 (1971) ("either probation will work within a relatively short period of time or it will not work at all"); 2 Attorney General's Survey of Release Procedures 313 (1939) ("proper selection of probation subjects presuppose[s] that reformation or rehabilitation may be achieved within a relatively short period, generally 2 years"); id. at 315 ("no justification for continuing probationary oversight beyond 5 years"); see also *United States v. Lancer,* 508 F.2d at 739 (Hunter, J., dissenting) ("five years of probation is adequate to

determine whether a defendant has become sufficiently adjusted and rehabilitated to permit his release into society"). Thus, it would make sense for Congress to impose a five-year limit on probation even for offenses that are subject to prison terms in excess of five years. We believe this is what Congress did when it enacted 18 U.S.C. § 3651.[6]

■ Judge Platt noted in his opinion that a district court has considerable discretion in probation decisions, and the judge stressed that the first paragraph of § 3651 states that a district court may "suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best." Nonetheless, the district court must exercise its discretion within the limits of all the relevant statutory provisions, including the limitation of the period of probation to five years. Judge Platt also suggested that if Congress had intended to limit probation on a multi-count indictment to a maximum of five years, it would not in the third paragraph of § 3651 have empowered courts to limit probation "to one or more counts or indictments." We do not regard this as a necessary interpretation. It seems more likely that this language was intended to give the sentencing judge more flexibility without changing the over-all five-year limitation.

■ We have no doubt from reading Judge Platt's opinion, particularly his extensive quotation from the pre-sentence report regarding appellant's tax evasion, that the sentence imposed was not an unfair one. And it may be that had the judge known that only a five-year probation period was possible, he would have imposed a lengthier term of imprisonment. But we do not think that this changes the issue before us, which is whether the second five-year term of probation was within the judge's power to impose. We hold that it was not, and we

**6.** A bill currently pending in Congress would, as part of a proposed revision to the federal criminal code, explicitly limit probation to a maximum of five years, even on a multi-count indictment. The bill authorizes a five-year maximum on probation for a felony, and provides that multiple terms of probation must run concurrently. S. 1630, 97th Cong., 1st Sess. §§ 2101(b)(1), 2104(b).

reverse and remand for correction of the sentence.