UNITED STATES of America,
Plaintiff-Appellee,

v.

John A. MARTIN, Jr.,
Defendant-Appellant.

No. 85–1945.

United States Court of Appeals,
Tenth Circuit.

March 11, 1986.

Charles Szekely, Asst. Federal Public Defender, Denver, Colo., for defendant-appellant.

Douglas W. Curless, Asst. U.S. Atty. (Robert N. Miller, U.S. Atty., with him on brief), Denver, Colo., for plaintiff-appellee.

Before LOGAN and BALDOCK, Circuit Judges, and SAFFELS, District Judge.*

LOGAN, Circuit Judge.

Defendant John A. Martin appeals a district court order revoking his federal probation and ordering his incarceration.

Martin was sentenced February 17, 1978, in the District of New Jersey after pleading guilty to three counts of aiding and abetting false statements to a credit union. Each violation was punishable by up to two years imprisonment and a fine of $5,000. *See* 18 U.S.C. §§ 2, 1014. Martin received a lesser fine and two years on Count 1; execution of the sentence was suspended, and he was put on probation for five years. Imposition of sentence was suspended on Counts 2 and 3, and Martin received five-year probation terms on each to run concurrently with the Count 1 probation.

The New Jersey district court issued a probation violator warrant for Martin on August 16, 1979, but it remained unaware of his whereabouts until 1982, when he pleaded guilty to an unrelated felony in a Colorado state court and was sentenced to a prison term. The New Jersey court transferred jurisdiction over Martin's federal probation to the U.S. District Court for the District of Colorado on March 30, 1983. The transfer document noted that the federal court in Colorado could change the period of probation without further consultation with the federal court in New Jersey.

Once Martin had been released from state custody, by an order dated March 19, 1984, the Colorado federal district court revoked his probation granted in 1978. The court sentenced him again to two years on Count 1; execution of sentence again was suspended and three years of probation ordered. Again no prison terms were

imposed for Counts 2 and 3; Martin received a concurrent three-year probation term on each.

The federal district court in Colorado issued another probation violator warrant for Martin on January 23, 1985. Martin moved to dismiss the resulting court action on the ground that the court lacked jurisdiction because the three-year probation terms were invalid, and thus any attempt to revoke them was improper. The court, he argued, had lacked authority in 1984 to reinstate probation after its revocation of the 1978 term.

On June 25, 1985, the district court refused to dismiss the government's revocation action. Although the court agreed that it should not have reinstated probation in 1984, it apparently reasoned that it was free to correct that illegal sentence as long as Martin's original five-year probation term had not run. While Martin was an absconder from supervision in New Jersey and during his service of prison time for the Colorado offense, his probation had been tolled. The court therefore restated its revocation of the 1978 probation. The court imposed a two-year prison sentence on Count 2 and a consecutive two-year sentence on Count 3; it ordered execution of the two-year sentence on Count 1, making it concurrent with the other terms.

We affirm the district court's action.

██ The running of Martin's original five-year probation term was tolled from the time the New Jersey court issued its violator warrant until the time Martin was returned to federal supervision after release from the Colorado state prison. *See United States v. Workman,* 617 F.2d 48, 51 (4th Cir.1980); *Nicholas v. United States,* 527 F.2d 1160, 1161–62 (9th Cir. 1976); *United States v. Gerson,* 302 F.2d 430, 431 (6th Cir.1962). Martin is entitled to no credit against his probation term for time he was not under federal supervision because of his own wrongful act. *Work-*

---

* Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by desig-

nation.

*man,* 617 F.2d at 51. He therefore had more than three years remaining on his original term when the district court first attempted revocation in 1984. This term would not have expired until well after the second violator warrant was issued.

■ Given that, the federal court in Colorado had the power to revoke Martin's probation in 1984. The court could then "require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, [could] impose any sentence which might originally have been imposed." 18 U.S.C. § 3653. In other words, the court could have ordered him to serve the original two-year sentence or a lesser sentence on Count 1, and could have imposed any sentences that would have been permissible originally on Counts 2 and 3. *See Roberts v. United States,* 320 U.S. 264, 272–73, 64 S.Ct. 113, 117–18, 88 L.Ed. 41 (1943) (interpreting prior version of probation statute to make distinction between revoking court's power after suspension of sentence *execution* and after suspension of sentence *imposition*). The district court apparently concluded in 1985 that the second probation term was illegal, because this circuit has held probation is not a "sentence" under the statute. *See Fox v. United States,* 354 F.2d 752, 754 (10th Cir.1965) ("statute specifically refers to the imposition of sentence—not to the grant of probation"); *see also Sims v.*

*United States,* 607 F.2d 757, 759 (6th Cir. 1979) (rejecting double jeopardy claim when prison sentence follows revocation of probation because probation not a sentence); *Zaroogian v. United States,* 367 F.2d 959, 963 (1st Cir.1966) (citing *Bartlett v. United States,* 166 F.2d 928, 932 (10th Cir.1948)) (suspension of sentence imposition and placement on probation not a sentence); *United States v. Buchanan,* 340 F.Supp. 1285, 1288–89 (E.D.N.C.1972) (probation neither "lesser sentence" nor "sentence" under statute).[1]

■ This panel is bound by the prior decision of this circuit, and we need not reexamine the efficacy of *Fox* in order to decide this case properly.[2] Assuming that the district court erred in imposing the new probation term in its 1984 decision, Martin is not entitled to discharge, because the court had the power and, indeed, the duty to resentence him appropriately. *See* Fed. R.Crim.P. 35; *United States v. Bynoe,* 562 F.2d 126, 129 (1st Cir.1977); *Garcia v. United States,* 492 F.2d 395, 397–98 (10th Cir.1974); *Lee v. United States,* 400 F.2d 185, 188 (9th Cir.1968). All of Martin's alleged violations still occurred within the tolled five-year period of his original probation.

■ Martin wants the 1984 district court order to be effective to revoke the 1978 probation and to release him from any sentence because of the improper new pro-

**1.** We recognize that other circuits have disagreed with this distinction between "probation" and "sentence." *See United States v. Hill,* 719 F.2d 1402, 1404 (9th Cir.1983); *Nicholas v. United States,* 527 F.2d 1160, 1162 (9th Cir.1976); *United States v. Lancer,* 508 F.2d 719, 730–32 (3d Cir.), *cert. denied,* 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975); *Smith v. United States,* 505 F.2d 893, 895 (5th Cir.1974). The Eighth Circuit has sometimes disagreed. *Compare United States v. Colvin,* 644 F.2d 703, 705 (8th Cir. 1981), and *United States v. Rodgers,* 588 F.2d 651, 654 (8th Cir.1978), *with United States v. Fultz,* 482 F.2d 1, 4 (8th Cir.1973).

**2.** The determination of possible criminal penalties is a legislative, not a judicial, function. *See Fox v. United States,* 354 F.2d 752, 754 (10th Cir.1965). Arguably the clear language of the statute prevents reimposition of probation after revocation.

"An examination of Sections 3651 (imposition of probation) and 3653 (revocation of probation) reveals that Congress has clearly distinguished between the terms 'probation' and 'sentence.' Section 3651 permits the district court to 'suspend the ... execution of [the imposed] *sentence* and place the defendant on *probation....*' Section 3653 gives the district court the power to 'revoke the *probation* and require [the defendant] to serve the *sentence* [originally] imposed [but suspended under Section 3651], or any lesser *sentence....*'" *Lancer,* 508 F.2d at 742 (Forman, J., dissenting) (emphasis and ellipses in original). So viewed, if a district court wishes to give a defendant a second chance on probation, it can exercise its discretion to refuse revocation. It also can adjust the length of the probationary term within the five-year maximum. *See* 18 U.S.C. § 3651.

bation term. We do not read *Fox* to require such a holding.[3] The district court's 1984 order must be read as a whole; the revocation and award of probation were interrelated. The illegality did not deprive the district court of jurisdiction to cure its improper sentence, so long as the probationary period imposed in 1978 had not run. The district court's 1985 corrective order revoking probation and imposing two-year terms on Counts 2 and 3 and ordering concurrent incarceration on the two-year term imposed in 1978 on Count 1 were permissible within 18 U.S.C. § 3653.[4]

AFFIRMED.

---

**3.** In *Fox,* we ordered release of the defendant because the violations that resulted in his incarceration were under the second, invalid term of probation and occurred outside the five-year time limit for the first term. *See Fox,* 354 F.2d at 754. In this case; Martin's prison terms were a response to violations of his original probation term—violations that occurred well within the five-year period as tolled by his actions.

**4.** We reject Martin's contention that the district court's action violated double jeopardy because he had already begun to serve the three-year probation set in 1974. Correction of a sentence under Rule 35 does not violate double jeopardy even if the correction increases the punishment. *United States v. Bynoe,* 562 F.2d 126, 128–29 (1st Cir.1977); *United States v. Stevens,* 548 F.2d 1360, 1362–63 (9th Cir.), *cert. denied,* 430 U.S. 975, 97 S.Ct. 1666, 52 L.Ed.2d 369 (1977); *Garcia v. United States,* 492 F.2d 395, 397–98 (10th Cir.), *cert. denied,* 419 U.S. 897, 95 S.Ct. 178, 42 L.Ed.2d 142 (1974). Harsher sentences after probation revocation also do not violate double jeopardy. *See Bynoe,* 562 F.2d at 129.