**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edward Louis DEFFES, Jr.,
Defendant–Appellant.**

**No. 88–7678
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 8, 1989.

---

**5.** Although the opinion in *National Bank of Commerce* issued June 26, 1985, and the IRS served its notice of levy on the bank on March

6, 1984, this suit was filed June 26, 1987, so the insurance company had two years in which to comply with the levy.

# 1502

Edward Louis Deffes, Jr., Texarkana, Tex., for defendant-appellant.

J.B. Sessions, III, U.S. Atty., and Ginny S. Granade, Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before TJOFLAT, HILL and EDMONDSON, Circuit Judges.

PER CURIAM:

On July 31, 1987, appellant pled guilty in the district court to the offenses charged in the indictments in two cases. In the first case, appellant pled guilty to a 18 U.S.C. § 1344 (Supp.IV 1987) offense, which charged him with executing a scheme to defraud the Colonial Bank of Mobile, Alabama of $17,500. The court gave appellant a suspended sentence and placed him on probation for five years. In the second case, appellant pled guilty to a 18 U.S.C. app. § 1202(a)(1) (1982) offense, which proscribes the possession of a firearm by a previously convicted felon. The court gave appellant the same sentence he received in the first case, but specified that the term of probation would not begin to run until appellant had completed his sentence in that case.

On October 11, 1988, appellant moved the district court in both cases to correct his sentence. *See* Fed.R.Crim.P. 35. He claimed that 18 U.S.C. § 3651 (1982) barred the court from imposing consecutive terms of probation exceeding a total of five years. The court denied appellant's motions. Appellant then appealed the court's decision in the first case.

On appeal, appellant renews the argument he presented to the district court, contending that section 3651 precludes the imposition of consecutive terms of probation totaling more than five years. Section 3651 reads, in pertinent part,

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States ... may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

....

Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

....

The period of probation, together with any extension thereof, shall not exceed five years.

It seems clear that section 3651 prohibits a district court from imposing consecutive terms of probation totaling more than five years on *separate counts* of one indictment. *See United States v. Albano*, 698 F.2d 144, 146 (2d Cir.1983); *Fox v. United States*, 354 F.2d 752, 753–54 (10th Cir. 1965). Our cases do not inform us, however, whether section 3651 bars the imposition of consecutive terms of probation, exceeding five years, when the terms are imposed following conviction under *separate indictments*. The Third Circuit has held that consecutive terms in such circumstances are not barred. *See United States v. Lancer*, 508 F.2d 719, 734–36 (3d Cir.) (en banc), *cert. denied*, 421 U.S. 989, 95

S.Ct. 1992, 44 L.Ed.2d 478 (1975). We adopt its holding and affirm the district court.

AFFIRMED.