13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory RICHARDSON, Defendant-Appellant.
 No. 92-4141.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Gregory Richardson appeals from the revocation of his probation. In his pro se notice of appeal, Mr. Richardson did not specify any issues. His attorney has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967). We have reviewed the record, and we affirm.[2]
 
 
 3
 Defendant pled guilty to using a false Social Security number when applying for a loan form the Sperry Corporation Credit Union in 1985. Because of the date of the offense, he was sentenced under pre-guideline law to three years' probation on condition that he spend 120 days in a Community Treatment Center, participate in drug after-care counseling, and pay restitution to Sperry Univac in the amount of $3,039,18. The judgment was subsequently amended to permit him to work for the Icicle Fishing Corporation in Alaska on condition that he pay the total restitution and other fees owed by October 15, 1991, and submit monthly supervision reports to the probation office in Salt Lake City.
 
 
 4
 The record reflects that Mr. Richardson was terminated from his job after he went to Alaska and had no funds for an immediate return to the lower forty-eight states. He admitted at his revocation hearing that he did not report to the probation office as required, did not pay the restitution, only paid $25 of the Victim Assessment Fee, and subsequently left Alaska without telling the probation office where he was going. Based on its finding that probation had been violated in these respects, the district court revoked Mr. Richardson's probation and sentenced him to five years in prison, the maximum sentence for a violation of 42 U.S.C. 408(a)(8), plus restitution. 42 U.S.C. 408(a).
 
 
 5
 After reviewing the record, we agree with counsel for defendant that there are no appealable issues. If a defendant violates probation, the court may "revoke the sentence of probation and impose any other sentence that was available ... at the time of the initial sentencing." 18 U.S.C. 3565(a)(2). If the sentence imposed upon revocation does not exceed the statutory maximum, the sentence is not subject to attack. Id.; see United States v. Martin, 786 F.2d 974, 976 (10th Cir.1986). The district court acted within its discretion when it revoked Mr. Richardson's probation and sentenced him to five years in prison.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Defendant filed an untimely pro se notice of appeal. We partially remanded the appeal to permit the district court to determine whether defendant's failure to comply with the filing requirements was based on excusable neglect. The district court so held on remand. We therefore have jurisdiction over the appeal