# IN THE SUPREME COURT OF IOWA

No. 22–1650

Submitted March 20, 2024—Filed May 31, 2024

**STATE OF IOWA,**

Appellee,

vs.

**DARIUS LEJUAN WADE,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Buchanan County, Kellyann M. Lekar, Judge.

The defendant seeks further review of the court of appeals decision rejecting his claim that the district court imposed an unlawful sentence. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

McDermott, J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

**MCDERMOTT, Justice.**

Among the tools in a sentencing court's workbench is the ability to place a defendant on probation. Yet the law imposes certain requirements in setting the length of probation. Iowa Code § 907.7(1) (2021) states that "[t]he length of the probation shall be for a period as the court shall fix but not to exceed five years if the offense is a felony or not to exceed two years if the offense is a misdemeanor." The district court in this case sentenced the defendant for his felony conviction to a probation period of two-to-five years. The question presented is one of statutory interpretation: Does the word "fix" in the statute require courts to specify a definite length of time (for example, "three years") when ordering probation, or does it allow courts to impose a range of time (for example, "two-to-five years")?

I.

Late one night, Darius Wade was pulled over for speeding. The police officer who conducted the stop approached Wade's passenger side door and, while speaking with Wade through an open window, detected the odor of marijuana. The officer eventually asked Wade to come to his patrol car. He continued to smell a strong odor of marijuana and alcohol as he and Wade sat together in the patrol car. Wade claimed not to have smoked marijuana that night but said he was around people who were. The officer informed Wade that he would be searching Wade's truck for evidence of drug possession based on the marijuana odor. During that search, the officer found a backpack on the front passenger seat that contained a 9 mm handgun and a wallet with Wade's expired driver's license. Wade claimed that the handgun belonged to his girlfriend who had placed it in the backpack when she last drove Wade's truck but had forgotten to take it with her.

Wade was charged with and convicted of possession of a firearm by a felon as a habitual offender and operating while intoxicated, second offense. On the operating while intoxicated conviction, the district court sentenced Wade to serve two years with all but seven days suspended. On the firearm conviction, the district court sentenced him to an indeterminate term of incarceration not to exceed fifteen years with a three-year mandatory minimum, but it then suspended the prison sentence and imposed formal probation "for a period of 2 - 5 years."

Wade appealed. He argued that there was insufficient evidence to support his firearm conviction and that his term of probation constituted an illegal sentence because it failed to specify the length of his probation. We transferred the case to the court of appeals. The court of appeals held that substantial evidence supported Wade's firearm conviction and that the district court was authorized to impose a period of probation not less than two years and not more than five years. Wade sought further review, which we granted. When we grant further review, we have discretion to let the court of appeals decision stand on specific issues. *State v. Doolin*, 942 N.W.2d 500, 506–07 (Iowa 2020). In this case, we let the court of appeals decision stand on Wade's argument that there is insufficient evidence to support his firearm conviction. We focus our attention instead on Wade's illegal sentence argument.

II.

We may find an illegal sentence if, among other defects, the sentencing court lacked the power to impose the sentence, such as when "the sentence is outside the statutory bounds." *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009). "Generally, '[t]he legislature possesses the inherent power to prescribe punishment for crime, and the sentencing authority of the courts is subject to

that power.' " *Dorsey v. State*, 975 N.W.2d 356, 362 (Iowa 2022) (alteration in original) (quoting *State v. Iowa Dist. Ct.*, 308 N.W.2d 27, 30 (Iowa 1981)).

The probation statute provides in relevant part:

> 1. The length of the probation shall be for a period as the court shall fix but not to exceed five years if the offense is a felony or not to exceed two years if the offense is a misdemeanor. . . .
>
> 2. The length of the probation shall not be less than one year if the offense is a misdemeanor and shall not be less than two years if the offense is a felony.

Iowa Code § 907.7(1)–(2).

Emphasizing the language of the statute, Wade argues that at the time of sentencing the district court must "fix"—definitively set—the length of a defendant's probation. Stated differently, he contends that the statute does not authorize the district court to order probation within a range of time as it did in this case. The State, conversely, argues that "fix" does not preclude the notion of a range. It argues the court can fix the length of "a period" by stating a particular date or by referring to a defined range of time. The State also argues that other parts of the probation statute leave the precise period of probation unsettled and thus necessarily *un*fixed, pointing to the authority given to courts to reduce the length of probation in Iowa Code § 907.7(3) or discharge someone from probation altogether in § 907.9(1) if the court finds "that the purposes of probation have been fulfilled and fees imposed . . . have been paid." *Id.* § 907.9(1).

In interpreting a law, the words of the text are of paramount importance. *Doe v. State*, 943 N.W.2d 608, 610 (Iowa 2020); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 33 (2012) [hereinafter Scalia & Garner, *Reading Law*]. The legislature provided no definition for "fix." Words in a statute bear their ordinary meanings unless the context indicates that a technical meaning applies. *State v. Rhodes*, ___ N.W.3d ___, ___, 2024 WL

2096379, at \*4 (Iowa May 10, 2024); Scalia & Garner, *Reading Law*, at 73. "Fix" has no special technical meaning as used in this statute, so we must apply its ordinary meaning.

Applying its ordinary meaning, we find that to "fix" "[t]he length of . . . a period" means to establish a specific length for the term of probation. Iowa Code § 907.7(1). *Webster's Third New International Dictionary* defines "fix" this way: "[T]o set or place definitively." *Fix, Webster's Third New International Dictionary* 861 (unabr. ed. 2002). The *New Oxford American Dictionary* similarly defines "fix" as "decide or settle on (a specific price, date, course of action, etc.)." *Fix, The New Oxford American Dictionary* 654 (3d ed. 2010). In other words, to "fix" the length of the period of probation, the sentencing court must definitively set its duration. To impose a range is not to "fix" the length of probation.

When interpreting statutory text, we consider the entire statute and any related statutes that might illuminate its meaning. *Vaudt v. Wells Fargo Bank, N.A.*, 4 N.W.3d 45, 50 (Iowa 2024). Contrary to the State's argument, defining "fix" to require a specific duration aligns well with other provisions in chapter 907. Section 907.7(3) permits the court to reduce the length of probation if it finds "that the purposes of probation have been fulfilled and the fees imposed . . . have been paid." Iowa Code § 907.7(3). A range of years that runs from the minimum to the maximum allowed leaves nothing for the court to "reduce" because there's no set number from which to trim. In a similar vein, § 907.9 provides that "[a]t the expiration of the period of probation if the fees imposed . . . and court debt collected . . . have been paid, the court shall order the discharge of the person from probation." *Id.* § 907.9(4)(*a*). When, exactly, is the "expiration of the period of probation" that triggers the court's discharge under § 907.9 if the probation period is a range?

Other provisions in the Iowa Code show that when the legislature means to establish a range as opposed to a fixed number, it differentiates the two concepts. Examples of uses of the words "fix" and "range" together indicate that "fix" means to settle on a particular number. *See, e.g., id.* § 68B.32(5) ("The salary of the executive director [of the campaign disclosure board] shall be *fixed* by the board, *within the range established* by the general assembly." (emphasis added)); *id.* § 475A.3(3) ("The salary of the consumer advocate shall be *fixed* by the attorney general *within the salary range* set by the general assembly." (emphasis added)); *id.* § 499.36(2)(*c*) ("The articles of incorporation may *establish a variable range* for the size of the board by *fixing* a minimum and maximum number of directors." (emphasis added)); *id.* § 499.40(5)(*b*) ("All articles must state . . . [w]hether there is a *fixed* number or a variable *range* . . . ." (emphasis added)).

Interpreting "fix" as we do also more logically aligns with an earlier amendment to § 907.7(1). In 1997, the Iowa legislature changed the word preceding "fix" from *may* to *shall*, so instead of saying "[t]he length of the probation shall be for such term as the court *may* fix," the statute now ends with "as the court *shall* fix." 1997 Iowa Acts ch. 125, § 6 (codified at Iowa Code § 907.7 (Supp. 1997)). *Compare* Iowa Code § 907.7 (1997), *with* Iowa Code § 907.7(1) (2021). The word *may* denotes an option, while *shall* imposes an obligation. *State v. Klawonn*, 609 N.W.2d 515, 521–22 (Iowa 2000) (en banc). Both versions of the statute included the same minimum and maximum. If, as the State argues, "fix" doesn't require the court to specify a number between the statutory minimum and maximum, it's hard to see why the legislature bothered to change the discretionary *may fix* to the mandatory *shall fix*. Indeed, the word "fix" itself, read as the State urges, seems like a bizarre choice to include in this statute if it permits a range that simply restates the minimum and maximum lengths.

That the statute requires a set number also coheres with what other courts have said about the importance of setting the duration of probation. As the United States Court of Appeals for the Eighth Circuit has observed:

> We recognize the vital significance of the fixed period of probation to probationers. . . . "[W]hen a defendant is placed on probation he is told, in effect, that if he lives up to the conditions of probation for the required period he will then be a free man."

*United States v. Strada*, 503 F.2d 1081, 1084 (8th Cir. 1974) (quoting *Sanford v. King*, 136 F.2d 106, 108 (5th Cir. 1943)); *see also People v. McDonald*, 202 N.E.2d 143, 146–47 (Ill. App. Ct. 1964) (stating that, as part of the trial court's sentencing discretion, it "fixes a definite term" of probation that must be equal to or less than the maximum provided by statute).

The New Hampshire Supreme Court recently considered the meaning of "fixed term" in the context of position appointments. *See In re Scott*, No. 2019–0654, 2020 WL 7043570, at *3 (N.H. Dec. 1, 2020). The court applied the dictionary definition for "fixed" as meaning "not subject to change or fluctuation" and "term" as meaning "a limited or definite extent of time: the time for which something lasts." *Id.* (quoting *Webster's Third New International Dictionary* 861, 2358 (unabr. ed. 2002)). Putting the two words together, the court concluded that a "fixed term" means "a definite extent of time that is not subject to change or fluctuation." *Id.*

Because the statute imposed an obligation on the district court to set a definite length of probation—a number, not a range of numbers—when it sentenced Wade, the district court imposed an illegal sentence. We thus affirm the court of appeals decision as to Wade's sufficiency challenge, vacate the court of appeals decision as to the illegal sentence challenge, vacate the portion of the district court's sentencing order regarding the period of probation, and remand the case for a new sentencing consistent with this opinion.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**